Fuld, J.
More than 25 years agxr — and in this account we ' accept as true the allegations of the petition for a writ of error coram nobis — Tomaselli, then 16 years old, was indicted by a Dutchess County Grand Jury for the crime of second degree forgery. Although originally represented by a lawyer of his own choosing, who apparently withdrew from the case, the defendant appeared without counsel in the County Court of Dutchess County on February 8, 1932, the date to which the arraignment had been adjourned, and voiced a plea of guilty. The court, declining to accept the plea, assigned a member of the local Bar, then in the courtroom, to represent the defendant and they spoke together for about 10 minutes. During this lawyer-client conference, the defendant alleges, although he was questioned as to his age, his family and his friends, he was not asked about the facts underlying the forgery charged against him. He does, however, acknowledge that he told his lawyer, in answer to the specific question, that he had committed that crime. Then, the defendant’s petition continues, the attorney advised him to plead guilty and, following a colloquy at the bench, between prosecutor and defense counsel and the court, the defendant again entered a plea of guilt. A week later, the defendant, accompanied by the lawyer, appeared for sentence. The attorney spoke on the defendant’s behalf and the court imposed a suspended sentence.
Some months later, the. defendant was convicted of the crime of robbery and, because of the forgery conviction, sentenced as a second felony offender to imprisonment for a term of 30 years, plus an additional 5-year term for being armed. It is to relieve *353 himself of the burden of this second offender punishment that he seeks, by way of coram nobis relief, to vacate the earlier judgment. The Dutchess County Court denied the application without a hearing; the Appellate Division affirmed the resulting order, and the appeal is before us by permission of a judge of this court.
The primary claim advanced by the defendant — and it is the only one which merits discussion — is that he was “ deprived of due process of law ” in that his legal representation “ was so stunted and withered; so deficient and inadequate as to amount to a sham and a mockery of justice ”. He alleges, more particularly, that he was represented in form only, since counsel ‘ ‘ failed to request * * * a postponement of the arraignment and pleading in order that he could have the necessary time to make an independent investigation of the facts of the case; to study the sufficiency and correctness of the law involved; * * * [and] to make categorically certain that his client clearly and fully understood the nature of the charges against him and that any plea which resulted was voluntary and made after being fully informed of the consequences ’ ’. Had he been advised of ‘[1] the true nature of the charges against him ’ ’, the defendant further asserts, “he would have interposed proper defenses sufficient in law that would have established his innocence ”.
A person, accused of a felony and not represented by a lawyer, has a “ fundamental right ” in this State, and in most other jurisdictions, to have counsel assigned to act for him. (Code Crim. Pro., § 308; see, e.g., People v. Koch, 299 N. Y. 378, 381; People ex rel. Acritelli v. Grout, 87 App. Div. 193, 195-196; see, also, Beaney, The Bight to Counsel in American Courts [1955], pp. 237-239.) Section 308 of our Code provides, in so many words, that, if a defendant “appear for arraignment without counsel, he must be asked if he desire the aid of counsel and if he does the court must assign counsel.” The assignment must, of course, be adequate and effective, for in the eyes of the law an assignment made under such circumstances as to preclude the giving of advice or assistance to the accused is no assignment at all. (See People v. Silverman, 3 N Y 2d 200, 202; People v. McLaughlin, 291 N. Y. 480, 483.) And, it is settled, the court’s failure to fulfill the obligation imposed upon it by statute may also constitute a violation of the duty imposed upon the States *354 by the due process clause of the Fourteenth Amendment. (See, e.g., Powell v. Alabama, 287 U. S. 45, 71.)
Thus, for instance, post-conviction relief may be granted and judgments vacated (1) where a court appointed counsel “ at such a time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case ” (Powell v. Alabama, 287 U. S. 45, 71, supra; People v. McLaughlin, 291 N. Y. 480, 483, supra; see, also, Glasser v. United States, 315 U. S. 60, 75-76; People v. Silverman, 3 N Y 2d 200, 202, supra); (2) where, over the protest of the accused, charged with a capital offense, a court appointed an attorney in practice but a short time and totally inexperienced in the criminal law (see, e.g., People v. Blevins, 251 Ill. 381, 388-390; cf. McGuire v. State, 189 Ark. 503, 505); or (3) where a court permitted assigned counsel to continue to act for the defendant after it had become obvious that “ the purported representation by counsel was such as to make the trial a farce and a mockery of justice ”. (United States v. Wight, 176 F. 2d 376, 379; see, also, United States ex rel. Feeley v. Ragen, 166 F. 2d 976, 980; Diggs v. Welch, 148 F. 2d 667, 669, cert, denied 325 U. S. 889; People v. Cox, 12 Ill. 2d 265, 271; State v. Dreher, 137 Mo. 11, 20.)
A reading of the pertinent decisions, including those urged upon us in the defendant’s behalf (see Lanza v. New York State Joint Legis. Comm., 3 N Y 2d 92; People v. Marincic, 2 N Y 2d 181; People v. Cooper, 307 N. Y. 253; People v. McLaughlin, 291 N. Y. 480, supra; Powell v. Alabama, 287 U. S. 45, supra), makes it clear that post-conviction relief is available to a defendant only where it is action on the part of the State, through court, prosecutor or other law enforcement officer, which brought about a denial of effective assistance of counsel or an interference with the defendant’s right to such assistance.
In the case before us, the court did nothing which impinged in the slightest on the defendant’s right to counsel or on his right to the effective assistance of counsel. It did not — as was the situation in People v. Marincic (2 N Y 2d 181, supra) —fail to inform the defendant of his right to the aid of a lawyer or neglect to assign counsel; it did not — as was the situation in People v. McLaughlin (291 N. Y. 480, supra) — force upon the defendant an attorney whom he did not want and then force *355 him to an immediate trial; it did not refuse a request for an adjournment; it did not deny the defendant an opportunity to consult in privacy with counsel; nor did any law enforcement official seek — as was the situation considered in People v. Cooper (307 N. Y. 253, supra) and in the Lawsa case (3 N Y 2d 92, supra) — to intrude upon or interfere with the defendant’s right to confer privately with counsel. The court in the present case appointed a member of the Bar in good standing and had every reason to assume that he would represent the defendant adequately. (See, e.g., United States ex rel. Weber v. Ragen, 176 F. 2d 579, 586; Diggs v. Welch, 148 F. 2d 667, 668, supra.) And the court was likewise fully warranted in concluding that, when the defendant pleaded guilty after a consultation with counsel, the latter had reasonably satisfied himself of the defendant’s guilt.
The circumstance that the attorney advised the plea 10 minutes after he had been assigned does not mean that the representation was perfunctory or ineffectual or a sham, or that the court was bound to treat it as such.[1] The ‘ ‘ time consumed in oral discussion and legal research is not the crucial test of the effectiveness of the assistance of counsel.” (United States v. Wight, 176 F. 2d 376, 379, supra, involving a 15-minute consultation prior to entry of a plea of guilty; cf. United States v. Helwig, 159 F. 2d 616, 618, involving a 1-minute consultation prior to trial before court and jury.) There are, as we all know, cases without number in which a lawyer could properly advise a plea of guilt after a very brief conference with the accused. In the present case, Tomaselli stood indicted for forging and uttering a check. There was nothing complicated or involved about such a charge even for a 16-year-old boy. Did he, the question was, forge some one’s signature to a check or, if he did not himself do so, did he knowingly take a forged check and try to cash it? The trial *356 judge was thoroughly justified in concluding that the lawyer could, after talking to the defendant, advise the best course to be pursued.
The applicable rule may be briefly stated. The court will be deemed to have denied effective representation and assistance of counsel if, and only if, under the circumstances, it was not reasonably likely that the accused could have been adequately advised or aided. If it was reasonably deducible that the essential assistance could have been given, despite the shortness of the consultation period, then, it may not be said that the court denied adequate representation of counsel, even though, in fact, the defendant may not have been adequately or properly represented. In short, there is denial of effective representation of counsel only when the representation given is so patently lacking in competence or adequacy that it becomes the duty of the court to be aware of it and correct it.
Indeed, to hold otherwise would require a rule that a conviction must be vacated solely on the ground that assigned counsel was negligent or otherwise at fault in performing his duty. Although we do not condone or make light of an alleged failure on the part of any lawyer to serve his client adequately, it furnishes no basis either in reason or authority for setting aside a judgment. Since, therefore, the defendant Tomaselli would not be entitled to relief even if the allegations of his petition were to be established, the courts below were justified in denying the application without a hearing. (See, e.g., People v. Brown, 7 N Y 2d 359, also decided today; People v. Altruda, 5 N Y 2d 970; People v. Richetti, 302 N. Y. 290, 296.)
This court has ever acknowledged that coram nobis serves a vital function and that there is a real need to assure to an accused the effective assistance of competent counsel. Full and unstinting recognition of this principle, however, must not lead us to apply an impossible standard or impose on our courts a duty impossible of fulfillment, nor should it lead us to penalize the People solely because of an asserted failure on the part of assigned counsel to represent his client properly. An effective .assignment there must be, but this does not mean that a court, once it has appointed a member of the Bar to act for the defendant, must stand as surety for the proper performance of counsel’s professional duty.
The order appealed from should be affirmed.

. Suppose the interval between assignment o£ counsel and entry of the plea was 10 weeks instead of, as in the case before us, 10 minutes, and suppose, further, that the defendant claims that he spoke to the lawyer for only 10 minutes and that that was the full measure of time and attention which counsel gave to the case. The “ adequacy ” of the representation would be the same in the 10-week case as in the 10-minute case. However, no one, we suggest, could reasonably claim, where the attorney had been in the case for 10 weeks, that a plea could be set aside and a conviction vacated on a showing that he spent “ too little ” time with his client or asked him the wrong questions.