Fuld, J.
The same principles and reasoning that require affirmance in People v. Tomaselli, also decided today (7 N Y 2d 350), call for affirmance here.
Apart from the accusation that there was “ a strong indication of conspiracy between the defense counsel and prosecuting attorney ’ ’, which the dissenting opinion accurately characterizes as “ merely conclusory ” (p. 362), the petition in effect does no more than assert that the defendant’s court-appointed counsel made an error of judgment in conducting the trial of the case. This obviously affords no basis for post-conviction relief.
Specifically, the defendant alleges that there was an eyewitness to the crime, of which he was convicted, who had made a statement favorable to him and that, although he and his counsel knew this, the latter advised against calling the witness or using the statement on the ground that such a course would be detrimental to his case. Thus, the very allegations of the defendant’s petition negate the thought, expressed in the dissent (p. 361), that the “ charges * * * if proven might make out a case of fraudulent suppression of evidence at his trial.” Read as liberally as its language permits, the petition before us does no more than assert that the defendant and his attorney were aware of the witness and her statement and that the attorney decided, in the exercise of judgment and trial tactics, not to call the witness or use the statement.
The present case is entirely different from People v. Picciotti (4 N Y 2d 340); we granted a hearing in that case, but only because we found that the facts alleged by the defendant in his petition “ amount to coercion in the procurement of [his] plea ” and that, “ if proven ”, they would “ entitle the defendant to coram nobis relief ” (p. 344). Here, except for the conclusory allegation of conspiracy, to which we referred above, there is no allegation of any impropriety on the part of the district attorney or any other law enforcement officer which, under Picciotti and People v. Richetti (302 N. Y. 290, 294-295), would entitle the defendant to coram nobis relief.
*361 Coram nobis may not be availed of to remedy counsel’s negligence or error of judgment. It would be folly indeed for the courts to sit and hear disappointed prisoners try their former lawyers on charges of incompetent representation. Absent evidence that the trial judge appointed an attorney who was unfit to defend the accused or that the judge allowed counsel to continue to act after it appeared that his representation was such as to make the trial a farce and a mockery of justice, the fact, if it was one, that assigned counsel made an error of judgment or of tactics during the course of trial is an insufficient ground for coram nobis and, this being so, it would be futile to have a hearing. This conclusion, far from being “ a retreat from the positions taken” in other cases (dissenting opinion, p. 361), is but an application and reaffirmation of the settled rule that, if the defendant would not be entitled to relief even if the allegations of his petition were to be established, further judicial investigation would be pointless. The courts below were, therefore, justified in denying the application without granting a hearing.
The order appealed from should be affirmed.