■    ADAM YOUNG, INC., Appellant, v. IVY BROADCASTING COMPANY, INC., Respondent.— Order, entered on March 31, 1964, relative to the examination of defendant and the production of its records, unanimously modified, on the law and on the facts and in the exercise of discretion, to provide that the expenses referred to in the second ordering paragraph shall be paid by defendant instead of plaintiff, and that defendant shall produce, in addition to the correspondence referred to in the fifth ordering paragraph, any other documents or records which in any way relate to the level of performance expected of plaintiff, and, as so modified, said order is affirmed, without costs. Consent to the modifications is contained in defendant's brief, and we see no reason to alter Special Term's disposition in other respects. The point that defendant waived its right to object to the scope of the notice of examination was not raised below, and disregard of that fact is not warranted by this record. Settle order on notice fixing date for examination to proceed. Concur — Botein, P. J., Breitel, Rabin, Eager and Staley, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND HUARNECK, Appellant.— Order, entered on September 25, 1963, denying motion for writ of *coram nobis,* unanimously reversed on the law and the facts, and motion granted to the extent of directing that a hearing be had on the question of whether the defendant's plea of guilty was induced by a threat of the Trial Judge that if defendant did not plead guilty he would be sentenced to 40 years to life imprisonment. Petitioner on his plea of guilty to attempted felonious possession of a narcotic drug was sentenced as a third felony offender to 15 years to life imprisonment. He alleges that the court stated to him if he went to trial and was found guilty he would be sentenced to 40 years to life imprisonment, but that if he pleaded guilty his term would be 15 years to life imprisonment, and that this statement induced him to plead guilty. The court denied the application with leave to renew upon submission of corroborating affidavits from defendant's trial counsel. This was error. In order to obtain a hearing it is not necessary that petitioner's sworn statement as to what the court told him be corroborated. The situation is quite different when the application is based on a claim that the petitioner's attorney told the petitioner that the court had made certain statements. In that situation, without the affidavit of the attorney no issue of the court's statement is presented (*People* v. *Scott,* 10 N Y 2d 380). As the hearing herein directed may involve a conflict of testimony between petitioner and the Judge, the hearing should be conducted by a Judge other than the one who accepted the plea (*People* v. *Carpus,* 2 A D 2d 653). In view of the disposition on the companion appeal, the appeal from the order entered on February 11, 1964 is dismissed as academic. Concur — Botein, P. J., Breitel, Rabin, Steuer and Witmer, JJ.