Ralph J. CLARK, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.

No. 8557.

United States Court of Appeals Tenth Circuit.

April 26, 1966.

Terry L. Bullock, Topeka, Kan., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and BOHANON, District Judge.

HILL, Circuit Judge.

The appeal is from an order dismissing appellant's petition for a writ of habeas corpus without a hearing on the ground that petitioner had not exhausted his available state court remedies.

A background statement of the case is necessary in order to put it in proper focus. Clark, a deaf mute, was tried, convicted and sentenced in the District Court of Johnson County, Kansas, in 1958 for the crime of murder in the first degree and is now imprisoned pursuant to that sentence. The offense charged was committed in 1956 and the victim was appellant's wife, who was also a deaf mute. Immediately after the murder Clark was taken into custody and charged. Court appointed counsel asked the state trial court to appoint a commission to examine the accused and to determine his mental competency to stand trial. The commission was appointed and found the defendant mentally incompetent, the trial court approved the finding and committed the accused to a state mental hospital. He remained confined to the hospital until 1958 when he was returned to Johnson County to stand trial on the murder charge. Just prior to the trial he was again examined by a commission and it was determined that he was mentally competent. A jury trial followed, in which he was convicted and a life sentence was imposed upon him.

A notice of appeal to the Kansas Supreme Court was filed in the trial court by the convicted man and his court appointed counsel but the appeal was not perfected because of Clark's financial condition and there was no statute or rule of court providing for counsel for indigents in criminal cases on appeal to the Kansas Supreme Court. In 1964, Clark filed a motion in the state trial court under K.S.A. 60–1507. That motion was denied and counsel was thereafter appointed to perfect an appeal to the Kansas Supreme Court. The record is silent as to what has transpired in that appeal or what issues are being raised there.

In the petition filed below, Clark asserts various trial errors, inadequacy of counsel, denial of the right to call certain witnesses, denial of the right to appeal from his conviction and denial of counsel in his appeal. He also contends that prison officials thwarted his attempt to appeal from the judgment of conviction and that the sentencing court did not forward his notice of appeal from the order denying his 1507 motion to the Supreme Court of Kansas. The trial judge dismissed the petition, without a hearing, because the petitioner had not exhausted his state remedies.

■■ We agree with the trial court that from the record Clark has not exhausted his state remedies. But, two of the points alleged by petitioner raised a

question about the effectiveness of the Kansas remedies insofar as petitioner's case is concerned. If the evidentiary facts show merit in these contentions, the court may well conclude that Clark's state remedies are ineffective. In the event such a legal conclusion is reached, petitioner would be entitled to a full evidentiary hearing on all questions raised that are properly cognizable by a federal court.

The order dismissing the petition for a writ of habeas corpus is set aside and the case is remanded for further proceedings consistent herewith.