The PEOPLE of the STATE OF NEW
YORK ex rel. John W. WILLIAMS,
Jr., Petitioner,

v.

James A. THOMAS, Warden, Respondent.

No. 66 Civ. 1326.

United States District Court
S. D. New York.

June 28, 1966.

John W. Williams, Jr., pro se.

Aaron E. Koota, Dist. Atty., Kings County, Raymond J. Scanlan, Asst. Dist. Atty., of counsel, for respondent.

FRANKEL, District Judge.

Sentenced to an indeterminate term with a maximum of three years on June 20, 1963—and now scheduled for release on December 27, 1966, after an interruption in service of the sentence when he was paroled and then imprisoned again as a parole violator—petitioner has filed a series of state and federal applications for post-conviction relief. In the application now before us, with one exception, his contentions are unsubstantial. To a large extent, they repeat claims decided by Judge Sugarman in denying a prior application on October 7, 1964 (64 Civ. 2592), and the ends of justice would not be served by reconsideration of that ruling now. 28 U.S.C. § 2244.

The single exception is the contention that petitioner did not have the effective assistance of counsel in that his assigned lawyer, with whom he spent only brief minutes before pleading guilty, conferred with him in the detention pen, in the presence of arresting officers and jailers, and that he was denied an opportunity for the kind of private, deliberate consultation the Constitution must be deemed to guarantee. Cf. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Coplon v. United States, 89 U.S.App.D.C. 103, 191 F.2d 749 (1951), cert. denied, 342 U.S. 926, 72 S.Ct. 363, 96 L.Ed. 690 (1952). "Petitioner then and there concluded," he states now, "that assignment of counselor was only perfunctory, to make the proceeding legal."

The difficulty with the claim is that it is raised here for the first time, with no prior opportunity for the state courts to consider the potentially sweeping issue it seems to implicate. To be sure, his state coram nobis application of April 2, 1964, claimed "the transcript fails to show that counsel was in actual communication with Petitioner sufficiently far in advance of the proceedings as to allow for a conscientious investigation and discussion of the Petitioner's case." But that contention, when the events were still fresh in petitioner's mind, went only to the bare question, allegedly answered

by the transcript, whether there was enough *time* to prepare. Cf. People v. Tomaselli, 7 N.Y.2d 350, 354–355, 197 N.Y.S.2d 697, 165 N.E.2d 551 (1960). It was quite different from the present argument; at the very least, the facts now alleged "present the constitutional issues * * * in a wholly different light from that in which they were presented to the state courts." Schiers v. People of State of California, 333 F.2d 173, 175 (9th Cir. 1964).

Moreover, as noted above, the question now tendered is potentially one of broad and vital import to the State. If what petitioner says is true (and he couches his charges in terms of a general attack on the system of assigning Legal Aid attorneys in the New York City Criminal Court), he poses a problem of wide public concern. It is the kind of problem to which the underlying reasons for the exhaustion requirement have special and emphatic application. Cf. Rose v. Dickson, 327 F.2d 27, 28–29 (9th Cir. 1964).

Respondent argues that petitioner has a remedy in state habeas corpus and should be required to pursue it. It seems probable also that coram nobis will lie for a claim like the one now made. See People v. Tomaselli, supra. Petitioner is barred here until he has made his present plea to the state courts.

At the same time, the court notes another troublesome aspect of the case. Petitioner has only six months or so to serve. In a sense, the problem is of his own making in that he raises his possibly substantial claim so tardily. Nevertheless, no one can be insensitive in our time to the condition of indigent, unrepresented prisoners and to the possibility that cherished rights may be lost through ignorance or neglect. Moreover, the petitioner says (for the first time in a reply affidavit), though counsel for respondent denies, that he forwarded another state coram nobis application on March 8, 1966, and has received neither an acknowledgment of it nor any reply.

The foregoing circumstances have been mentioned because the application is being denied on the premise that there is an effective and expeditious state remedy for petitioner to pursue. There is every reason to believe as well as to hope that this premise will be demonstrated in the event. If it is not—if petitioner is unduly delayed, considering the circumstances of his case, in obtaining a determination of the issue he has sought to bring here—there may then arise a duty in this court, however reluctantly, to reach the merits without further postponement. Cf. Harvey v. State of Mississippi, 340 F.2d 263, 268 (5th Cir. 1965); Clark v. Crouse, 359 F.2d 785, 786–787 (10th Cir. 1966); Williams v. Holman, 239 F.Supp. 173, 174–175 (M.D. Ala.1965).

For the reasons stated, the application is denied.

It is so ordered.