**UNITED STATES ex rel. Perry PAULDING, Petitioner,**

v.

**Hon. Daniel McMANN, Warden of Auburn State Prison, Auburn, New York, Respondent.**

**No. 68 Civ. 1079.**

United States District Court
S. D. New York.

Jan. 21, 1969.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; by Lillian Z. Cohen, New York City, of counsel.

Anthony F. Marra, New York City, for petitioner; by Gretchen White Oberman, New York City, of counsel.

OPINION

POLLACK, District Judge.

This proceeding seeks to set aside petitioner's conviction in the state courts on September 20, 1962 on a plea of guilty to robbery in the first degree which resulted in a sentence of ten to twenty years in prison.

A petition for a writ of *habeas corpus* was denied by this Court on May 2,

1968 for insufficiency. An appeal was taken and on application of the petitioner showing the procurement of new proof, the Court of Appeals remanded the matter to this Court for reconsideration and also to consider whether to hold an evidentiary hearing.

For the reasons given below, the petition is dismissed and the petitioner is remitted to the state courts for the hearing which he seeks. The state authorities have stipulated herein that they are prepared to cooperate and consent to holding a prompt *coram nobis* hearing on petitioner's charges based on his new evidence.

The background hereof is as follows.

Contending that his plea of guilty to robbery in the first degree was induced by judicial coercion in the County Court for the County of Dutchess, State of New York, the petitioner since 1963 has sought release from Auburn State Prison in a succession of *coram nobis* and *habeas corpus pro se* applications in the state and federal courts culminating in the petition for a writ of *habeas corpus* in this Court in 1968.

On May 2, 1968 this Court, in opinion, also denied a writ of *habeas corpus*, with leave, however, to reapply herein should the petitioner obtain and submit evidentiary corroborative proof in the form of an affidavit from the intermediary, a Rabbi, said to have carried the coercive message to the petitioner from the trial Judge.

On May 14, 1968 requests for a certificate of probable cause and for allowance of an appeal in *forma pauperis* were denied by this Court. Thereafter the Court of Appeals granted a certificate of probable cause. The petitioner then took an appeal and during the pendency thereof the petitioner was able to procure a seemingly corroborative evidentiary affidavit from the Rabbi.

Meanwhile, on July 28, 1968, the petitioner submitted a *pro se coram nobis* application to the Dutchess County Court asking for a hearing on his claim. His application was denied on September 25, 1968 on the asserted ground that *coram nobis* relief is not available in the state courts unless the claimed coercion were practiced upon a defendant either by the Court or by the District Attorney, citing People v. Tomaselli, 7 N.Y.2d 350, 197 N.Y.S.2d 697, 165 N.E.2d 551 (1960). The County Court also ruled that "the petitioner's statement that he was coerced by a party other than the District Attorney or the Court is not supported by proper papers upon this motion."

The information before the County Court on the July 28, 1968 *coram nobis* application concerning the Rabbi's role was contained in two letters from the Rabbi approximately six years old in which there were equivocal statements on the subject of the alleged coercion. The absence of proper evidentiary proof on that application is demonstrated by the opposing affidavit of the Assistant District Attorney, reading as following:

"Moreover, the petitioner's statement that he was coerced by Rabbi Ruderman is entirely without support or corroboration. He attaches to the moving papers letters which he terms are 'true copies' of letters dated December 7, 1962 and January 31, 1963, from Rabbi Ruderman. The letters, even if they are true copies (for purposes here, however, the People make no such concession) do not support any argument of coercion. Where the duress is said to derive from persons other than the Court or District Attorney, nothing less than a *supporting affidavit* is necessary as in the case of a promise allegedly made by a defendant's own attorney (People v. Scott, 10 N.Y.2d 380, 382 [223 N.Y.S. 2d 472, 179 N.E.2d 486], People v. Warren, 25 A.D.2d 676 [268 N.Y.S. 2d 576], People v. Huarneck, 22 A.D. 2d 651 [252 N.Y.S.2d 1004]). In the absence of any such corroborating affidavit, no issue requiring a hearing is presented."

It appears that, five days before the County Court Judge denied the petition for *coram nobis* relief, the petitioner had

written to the Assistant District Attorney informing him that the Rabbi's affidavit had finally been secured. Mention thereof was made by the Assistant District Attorney to the Judge by way of a letter dated the day of the decision and the petitioner was informed that his letter had been submitted to the Court so that it might be treated as a reply to the opposition to *coram nobis*. There is nothing to indicate that the letter actually reached the County Judge or that he was aware of the Rabbi's affidavit or that he had considered either before he handed down his decision denying *coram nobis*. Suffice it to say that the Rabbi's affidavit was not recited in the order specifying the papers before the County Court when it made the decision pointing out that the allegation of coercion was not supported by proper papers.

During the pendency of these state court proceedings, the petitioner also re-applied to this Court for a reconsideration of its denial of the writ of *habeas corpus*. This reapplication was rejected on the ground that this Court lacked jurisdiction during the pendency of an appeal from its order. Then, on motion by the petitioner to the Court of Appeals, reciting the existence of new proof, that Court remanded the proceeding to the District Court for reconsideration of the entire matter including the question of whether to hold an evidentiary hearing.

■ Consideration of all of the facts and circumstances herein persuades this Court that the petitioner should in the first instance present his federal claim to the state courts for hearing and adjudication. The state courts should be given "the first chance to review their alleged errors so long as they have not authoritatively shown that no further relief is available." United States ex rel. Bagley v. LaVallee, 332 F.2d 890, 892 (2d Cir. 1964).

The principle of exhaustion of remedies requires that the state courts be afforded an opportunity to consider petitioner's attack on the validity of the state court judgment of conviction upon the entire record as presently constituted. In language apposite to the case before this Court the opinion in United States ex rel. Kessler v. Fay, 232 F.Supp. 139 (S.D.N.Y.1964) states at page 142 as follows:

"Where a petitioner's plea attacking the validity of a judgment of conviction is rejected by a State Court upon a record which failed to present all pertinent information bearing on his claim, and subsequently he presents a materially different and stronger evidential case to the Federal Court, the requirement of exhaustion is not met where a State forum is still available to consider and pass on the additional facts first presented to the Federal Court."

■ This doctrine stems from the recognition that the primary responsibility for the administration of criminal justice must rest with the state courts themselves. United States ex rel. Roberts v. LaVallee, 373 F.2d 49 (2d Cir.) vacated o. g. 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). See United States ex rel. Bagley v. LaVallee, 332 F.2d 890, 892 (2d Cir. 1964).

■ On January 9, 1969, this Court held a conference with counsel and discussed how this matter might be brought to conclusion most expeditiously. The Court indicated to counsel that it intended to refer this case to the state courts on condition that the state authorities would take such action as this case warrants in order to expeditiously review petitioner's claims on the merits. In response thereto, counsel for the Attorney General of the State of New York submitted an affidavit stating that because (1) petitioner now has in his possession an affidavit of one Rabbi Abraham Ruderman which allegedly corroborates his claims, (2) the affidavit has never been submitted to or considered by any state court, and (3) a renewed application for a writ of error *coram nobis* may be made

in the state courts (Bojinoff v. People, 299 N.Y. 145, 85 N.E.2d 909 [1949]), the District Attorney of Dutchess County had agreed that, upon application by the petitioner to the Dutchess County Court, he would consent to holding a hearing and, further, that he would cooperate with counsel for petitioner in order that such a hearing might be held expeditiously and would use all of his good offices to this end.

Where, as here, sensible cooperation has been tendered, remitting the merits of the petition to the state courts is the "* * * course * * * plainly to be preferred if it [can] be pursued without undue sacrifice of petitioner's personal rights." United States ex rel. Epton v. Nenna, 281 F.Supp. 388, 390 (S.D.N.Y. 1968). It would be inappropriate for this Court either to deny to the state courts an opportunity to consider the matter in the first instance or to presume to prejudge the adequacy of its consideration.

It bears noting, however, that although there are cogent reasons for sending the petitioner to state courts, the most insistent claims of justice require that safeguards now be taken to insure that petitioner's pursuit of a state remedy be reasonably expedited. Sentence was imposed on petitioner on September 25, 1962 and he has been attempting, *pro se*, since March 28, 1963, the date he first petitioned the Dutchess Court for a writ of error *coram nobis*, to obtain a hearing on his allegations. Although the delay may, in fact, be substantially attributable to his "lack of technical competence" in representing himself *pro se*, that consideration will not excuse further delay. Cf. Brown v. Allen, 344 U.S. 443, 502, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Petitioner is now represented by counsel.

Accordingly, the petition for a writ of *habeas corpus* is dismissed, without prejudice. If, for any reason, any aspect of this matter need again be referred to this Court such referral may be made on the original papers with such supplement as may be appropriate.

So ordered.