**UNITED STATES of America ex rel. Milton ELLINGTON, Petitioner-Appellant,**

**v.**

**Hon. J. P. CONBOY, Superintendent, Great Meadow Correctional Facility, Comstock, New York, Respondent-Appellee.**

**No. 588, Docket 71–2178.**

United States Court of Appeals, Second Circuit.

Argued March 20, 1972.

Decided April 24, 1972.

Jonathan R. Harkavy, New York City, for petitioner-appellant.

Benton J. Levy, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., of N.Y., Samuel A. Hirshowitz, First Asst. Atty. Gen., Iris A. Steel, Asst. Atty. Gen., of counsel), for respondent-appellee.

Before HAYS, MANSFIELD and MULLIGAN, Circuit Judges.

MULLIGAN, Circuit Judge:

The petitioner-appellant, Milton Ellington, was convicted of second degree robbery after a trial by jury in the Supreme Court of New York, Bronx County. On October 22, 1969 he was sentenced to an indeterminate term not to exceed seven years. While serving this term as an inmate of the Great Meadow Correctional Facility, Comstock, New York, he petitioned *pro se* for a *writ of habeas corpus* in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 2254. By order dated October 6, 1971, Judge Murray Gurfein dismissed the petition. 333 F. Supp. 1318. We vacate the order below and remand for further proceedings consistent with this opinion.

Prior to his trial in New York the petitioner, Ellington, moved to suppress certain inculpatory statements made by him at the time of his arrest, based upon alleged violations of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He further moved to suppress an anticipated in-court identification by a principal witness as a violation of his rights under United States v. Wade, 388 U.S. 218, 87 S.Ct. 1296, 18 L.Ed.2d 1149 (1967). After a suppression hearing in the state court the trial judge denied both motions, and the evidence objected to was admitted on trial. Ellington's conviction was appealed by assigned counsel and was unanimously affirmed without opinion by the Appellate Division, First Department on February 18, 1971. People v. Ellington, 36 A.D.2d 689, 318 N.Y.S.2d 668 (1st Dep't 1971).

Immediately after the affirmance, appellant, proceeding *pro se,* sought leave of the Appellate Division to submit a supplemental brief or alternatively to reargue the appeal and to be assigned new counsel. On March 11, 1971 Ellington again moved in the Appellate Division as an indigent for a free trial manuscript in order to prepare his appeal and for collateral proceedings. Although his counsel had already been provided a free trial manuscript,[1] Ellington claimed that his assigned counsel had not shown him a copy thus preventing a cooperative effort in the preparation of the appeal. He further asserted that his representation on appeal was inadequate and that counsel should be dismissed. Treating his *pro se* petitions as a motion to reargue his appeal, the Appellate Division denied the motion on March 18, 1971. The Clerk of the Appellate Divi-

---

1. N.Y.Crim.Proc.Law § 460.70(1) (McKinney's Consol.Laws, c. 11–A, 1971) (formerly N.Y.Code Crim.Proc. § 456(2)) provides for one free copy of the transcript.

sion advised Ellington by letter dated March 18, 1971 that denial of the motion by that court to reargue constituted an automatic termination of assigned counsel and, in view of the denial, it had no power to furnish him with an additional trial manuscript. Despite this notification, and apparently without appellant's knowledge, the same assigned counsel had made application to the Court of Appeals for leave to appeal, which was denied by Chief Judge Fuld on March 25, 1971.

Ellington's next step was to file the instant *pro se* application for a *writ of habeas corpus* in the United States District Court for the Southern District of New York. A reading of the petition, supporting affidavits and memorandum of law submitted by this state inmate indicates two basic contentions—first, that the state is constitutionally obligated under the equal protection clause of the fourteenth amendment to furnish the defendant with his own trial transcript for appeal purposes when he claims that his appellate counsel is inadequate or uncooperative. (See Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967) and Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)). Second, that the state is constitutionally obligated under equal protection guarantees to provide him with a free transcript of the trial to assist him in proposed collateral attacks on his conviction, which here would involve the *Miranda* and *Wade* issues.

The District Court held that under the requirements of 28 U.S.C. § 2254(b) and (c) the applicant had failed to exhaust his state remedies on these two claims. With respect to the effectiveness of appellate representation the court held that coram nobis is available to him in the state court. People v. Lampkins, 21 N.Y.2d 138, 286 N.Y.S.2d 844, 233 N.E.2d 849 (1967); People v. Brown, 7 N.Y.2d 359, 197 N.Y.S.2d 705, 165 N.E.2d 557 (1960), cert. denied, 365 U.S. 821, 81 S.Ct. 703, 5 L.Ed.2d 698 (1961); People v. Tomaselli, 7 N.Y.2d 350, 197 N.Y.S.2d 697, 165 N.E.2d 551 (1960). On the issue of the free transcript the Supreme Court in Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970) faced the same question but declined to answer it since the prisoner had never attempted to secure the transcript for the proposed collateral attack and hence had not exhausted his state remedies. In the instant case, the Appellate Division's refusal to give petitioner a copy for either appeal or *habeas corpus* purposes was based solely on its asserted lack of power to grant him relief because his appeal to that court had already been decided. Petitioner did not attempt to attack this refusal in any state collateral proceeding. See United States ex rel. Garcia v. Martin, 271 F.2d 298 (2d Cir. 1959).

Had the District Court simply dismissed the petition and relegated the petitioner to his state remedies this appeal would present no unusual problems. However, the court below proceeded to examine the merits of both the *Miranda* and *Wade* claims. Finding that the *Miranda* point had been raised in the suppression hearing and in the Appellate Division and Court of Appeals, the court found exhaustion of state remedies on that issue and proceeded to find no violation of petitioner's constitutional right against self-incrimination under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The *Wade* identification claim was initially and unsuccessfully raised at an identification hearing in the Supreme Court of New York. On appeal to the Appellate Division, Ellington's assigned counsel did urge that the identification evidence was too weak to warrant a conviction but did not urge the *Wade* constitutional point. Although finding that the issue had therefore not been exhausted in the state court, the court below, "to eliminate further time consuming action by State and Federal Judges", nevertheless proceeded to find that the in-court identification of Ellington was constitutionally untainted. The court further found that although the *Wade* point was not squarely raised on appeal to the Appel-

late Division, any chance of success in a state collateral proceeding would be "meager indeed".

While the motivation and industry of the court below was commendable, we are now faced with the argument by counsel assigned for this appeal that Ellington's pro se application did not seek any adjudication on the merits of the *Miranda* and *Wade* claims, and that the decision made by the court was gratuitous. Moreover, it is urged that Ellington's position has always been that without the additional free trial manuscript and the cooperation of adequate counsel, he could not properly present his position on the *Miranda* and *Wade* issues. Although the record indicates that the court below did have access to the transcript of the suppression hearings, the trial manuscript is not part of the record and was not available to Ellington when he prepared his application. It is urged that Ellington is now in a unique jurisdictional and constitutional quandary. He has been told in effect that he has not exhausted his New York State collateral remedies, but in any event he is faced with an adverse federal decision on the ultimate constitutional issues he wishes to litigate. The extrication of Ellington from his present dilemma has been considerably facilitated by the fact that his newly assigned counsel stated on the oral argument that counsel now has in his possession the trancript of Ellington's trial. We see no point then in relegating Ellington to collateral proceedings in the state court to contest issues which are now, as a practical matter, moot. "the exhaustion requirement of 28 U.S.C. § 2254 is not jurisdictional and courts may deviate from it in those rare instances where justice so requires." United States ex rel. Graham v. Mancusi, 457 F.2d 463 (2d Cir., 1972). Under the unusual circumstances here presented we believe that it would now be fruitless to pursue the question of Ellington's asserted right to adequate appellate counsel and a second free personal transcript in the New York courts. He is now represented by counsel who has displayed energy and ability in presenting his argument on appeal and who is now armed with the trial transcript which he has been seeking. We hold therefore that the decision below should be vacated and that Ellington be given the opportunity to amend his application for a *writ of habeas corpus* in the court below, after he examines the trial transcript with the assistance and cooperation of his present counsel. The District Court should then reconsider its decision on the merits of the *Miranda* and *Wade* issues in light of any arguments which petitioner may make in the amended petition and supplementary brief.

Vacated and remanded.