Joseph Jaspan, J.
The defendant is before me for sentence after pleas of guilty to five separate felonies in satisfaction of six indictments. A notice was duly served upon him pursuant to CPL 400.40 (subd 2) alleging that he was previously convicted on May 22, 1972 upon a plea of guilty to attempted burglary in the third degree, a class E felony, and thereafter sentenced on August 2, 1972.
The defendant controverts the claim that he is a predicate *446 felon and places in issue the constitutionality of his prior sentence — not the constitutionality of the underlying conviction. Conviction attaches upon the entry of the plea (CPL 1.20, subd 13).
If the statement of prior conviction had not been controverted, the court would have been obliged to sentence the defendant as a second felony offender with a minimum term in each case fixed at one half of the maximum term of the sentence (Penal Law, § 70.06). The defendant, if he is successful in his challenge would materially advance the date on which he would be eligible for parole.
The defendant’s contention is that the "predicate” crime was committed on November 30, 1971, some 26 days before his, 19th birthday and therefore in accordance with CPL article 720 the court was required to consider his eligibility for treatment as a youthful offender at the time of pronouncing sentence (CPL 720.20) which it failed to do.
It is conceded by the People that nothing contained in the probation report, the plea minutes or the sentence minutes refers to defendant’s eligibility as a youthful offender. The District Attorney further reported that the Judge who imposed that sentence (now retired) has no recollection or record which would indicate that any determination was made or any consideration given to defendant’s eligibility for such treatment. It is reasonable to assume at this time that the crime and age sequence escaped the attention of all of the parties involved in the sentencing procedure.
The defendant urges that by reason of the foregoing facts he was denied due process and equal protection of the law and was deprived of adequate and effective representation by counsel within the meaning of Powell v Alabama (287 US 45), People v Tomaselli (7 NY2d 350) and People v Brown (7 NY2d 359).
CPL 400.21 (subd 7, par [b]) mandates that any previous conviction which violates United States constitutional standards may not form the basis for sentence as a predicate felon.
The paragraph reads as follows: "A previous conviction is this or any other jurisdiction which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate felony conviction”.
*447 Since the section refers to "conviction”, the standards are applicable to events up to and including the plea and not to the postconviction events.
However, since the adequacy of counsel cannot be so departmentalized, that issue is now considered.
In Tomaselli (supra), the Court of Appeals held that negligence in the performance of a lawyer’s duty does not per se constitute ineffective representation. The "denial of effective representation of counsel [exists] only when the representation is so patently lacking in competence or adequacy that it becomes the duty of the court to be aware of it and correct it” (p 356).
The conduct of counsel (legal aid) on the plea and sentence cannot be said to be so tainted. The 26-day gap between the date of the crime and the defendant’s 19th birthday may have contributed to a negligent omission on the part of all concerned. But CPL 720.20 (subd 1) places the burden upon the court to determine "whether or not the eligible youth is a youthful offender”. The failure of defense counsel to make such a request should not have been fatal in this situation. The presentence report required by this section should have pinpointed the eligibility.
Even though the burden of proving the constitutionality of a conviction is on the People (CPL 400.21, subd 7, par [a]), I hold the previous conviction survives the attack based upon the adequacy of the representation.
But this ruling is not determinitive of the issue.
In People v Billups (47 AD2d 869) a sentence was unanimously reversed, on the law, because the court did not order a presentence investigation as required by CPL 720.20 and did not "at the time of pronouncing sentence * * * determine whether or not the eligible youth is a youthful offender”.
It would appear that since there was no such pronouncement in this case, and since indeed there was no consideration of youthful offender eligibility in this case, a proper application would result in an order setting aside the sentence.
While CPL 440.20 requires that ordinarily such a motion be directed to the court in which the judgment was entered, no such slavish compliance with procedure is required in this matter. If the court of original jurisdiction were to set aside the sentence now, what sentence would be substituted? The sentencing Judge no longer has the power to act since he has *448 retired. No new Judge could objectively consider youthful offender eligibility nunc pro tunc nor divorce his reactions from the fact that the defendant now admits to five more burglaries. This court must use its powers insofar as necessary to accomplish a result consistent with the interests of justice. I hold the previous sentence to have .been invalid for the purpose of this determination only. On sentence on the present pleas the defendant will become a potential predicate felon without reference to the vulnerable 1972 sentence.
Section 70.06 (subd 1, par [b]) of the Penal Law in defining the term "second felony offender” includes the following: "(ii) Sentence upon such prior conviction must have been imposed before commission of the present felony
Since I have set aside the prior sentence for the purpose of this motion, a critical element in the definition of a predicate felon has been removed.
Accordingly, the defendant’s position is sustained and he will be sentenced pursuant to section 70.00 of the Penal Law and not pursuant to section 70.06.
There is no need to reach the issues of due process and equal treatment.