■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PASQUINO and TRUMID CONSTRUCTION COMPANY, INC., Appellants.—Appeal by defendants from two judgments of the County Court, Westchester County (one as to each of them), both rendered May 20, 1975, convicting them of offering a false instrument for filing in the first degree, upon a jury verdict, and imposing sentence. Judgments reversed, on the law, and indictment dismissed. On or about February 9, 1969 a huge snowstorm blanketed the entire area, including the City of Yonkers. Because the City of Yonkers was unable to cope with the serious emergency created by the storm solely with its own employees, it hired defendant Trumid Construction Co., Inc., of which the defendant Pasquino was president, to aid in the task of clearing the roads of snow with the various pieces of equipment it owned. After Trumid completed its assigned job, it submitted bills, certified by Pasquino, to the City of Yonkers for payment. The indictment herein is predicated upon the proposition that the bills were grossly inflated. Support for the charges rests principally upon the testimony of an accountant, Bernard Dolgin, who had been requested by the prosecutor to inspect the books and records of Trumid. He refused to credit the number of hours for outside labor (designated as O. S. L.) where no name or initial appeared in the books next to an O. S. L. designation. The record makes it clear that, if the O. S. L. claims were proper, then there could have been no criminal charges brought because the calculations of the charges, as contained in Trumid's daily sheets and payroll books would have been correct. Even Dolgin testified that he could not definitely say that the lack of a corresponding name for each O. S. L. entry meant that the men had not worked. Rather, he conceded that there was no way he could tell whether the men had actually worked. According to Dolgin, the lack of corresponding entries was not in accord with good accounting procedures and it was customary in the construction industry to indicate the name of each outside laborer for income tax purposes. Aside from the speculative conclusion that, due to the foregoing, the outside labor had not been employed, the prosecutor made no attempt to prove that the outside labor had not, in fact, been employed by Trumid to render the services which were reflected in the time sheets and the record books. Moreover, the prosecutor utterly failed to show any intent on the part of the defendants to defraud the city (see *People v Bel Air Equip. Corp.,* 39 NY2d 48). Accordingly, the proof was insufficient to warrant the submission of the question of the defendants' guilt to the jury; therefore, the judgments should be reversed and the indictment dismissed. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.