THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON FORD, Appellant.—Appeals by defendant from (1) a judgment of the Supreme Court, Kings County, rendered March 7, 1977, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) (by permission) an order of the same court, dated April 25, 1977, which denied, without a hearing, his motion to vacate the said judgment. Order and judgment affirmed. No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Cohalan and Hawkins, JJ., concur; Suozzi, J., dissents and votes to reverse the order, grant defendant's motion, vacate the judgment of conviction, and order a new trial, with the following memorandum: In my view, defendant must be afforded a new trial on the ground that he was denied effective assistance of counsel. Defendant's indictment for robbery in

---

the first and second degrees, grand larceny in the third degree and petit larceny, arose out of a robbery at a cleaning store in Brooklyn on March 14, 1975, at about 1:10 P.M. Defendant was represented by an attorney for the Legal Aid Society who notified the People that an alibi defense would be interposed on behalf of the defendant. However, on January 11, 1977, the day of jury selection, defendant's attorney advised him that his alibi defense was being withdrawn. According to the defendant, he never consented to the withdrawal of the alibi defense and, instead, was allegedly advised by his attorney that it was necessary to complete the trial quickly because the latter was leaving for a honeymoon. At the trial of the action, the People produced the two eyewitness-victims of the robbery, which made the proposed alibi defense all the more crucial. Nevertheless, defendant's attorney did not produce any alibi defense. The defendant was not called to the stand due to his prior criminal record. Counsel merely attempted to show inconsistencies in the most trivial aspects of the prosecution witnesses' testimony. Moreover, during the course of the trial, the Trial Justice expressed some dissatisfaction with the quality of defense counsel's work. He suggested that counsel read excerpts from Richardson on Evidence and read a section from that text to counsel. The court also advised counsel to "Make objections when you are sure of the law upon which you're making the objection." During his summation, defense counsel suggested that one of the prosecutor's witnesses did not have the courage to dispute the prosecution's version of the facts. This approach triggered a counterattack by the Assistant District Attorney during his summation, in which he spoke at length about this witness' credibility and came close to improperly vouching for the truthfulness of her testimony. It is within this context that defendant's motion to vacate the judgment pursuant to CPL 440.10, based on a denial of effective assistance of counsel, must be judged. In his affidavit in support of the motion, defendant alleged that he had been studying at City College when the crime was committed and remained at the college that day working in a Seek program. According to defendant, he referred his counsel to his supervisor and co-workers, who were willing to testify on his behalf, but to no avail. Defendant annexed to the motion papers investigation material from the Legal Aid Society's file which was available to counsel before the trial and which indicated that there were two alibi witnesses who would testify in an effective manner that defendant was present in the school at the time the crime was committed. One of these alibi witnesses was prepared to testify that he was breaking defendant in on his job at the time the crime was committed. In addition, defendant produced time sheets for himself and the alibi witnesses; the accuracy of these sheets, according to the records of the Legal Aid Society, could have been attested to by named and responsible personnel. The Criminal Term denied defendant's motion to vacate without a hearing on the ground that counsel's decision not to call the alibi witnesses involved the exercise of discretion and was, at most, an error of judgment involving trial strategy (see *People v Brown,* 7 NY2d 359). In my view, the Criminal Term erred in failing to grant the defendant's motion. The circumstances herein are substantially different from those where a skilled and competent attorney has decided in the exercise of his professional judgment to adopt a particular trial strategy. Under the circumstances of this case, the interposing of an alibi defense was most crucial to defendant's case. The motion papers of defendant indicated that a valid alibi defense did exist and the People failed to rebut defendant's argument. Defendant's counsel, who was aware of all the evidence which supported the alibi defense, passed over this defense; indeed, he raised no

defense at all and, during the trial, indicated his inadequacy in several other instances. His representation of defendant was totally ineffective and rendered his defense meaningless (see *People v Bennett,* 29 NY2d 462; *People v Saunders,* 54 AD2d 938). Accordingly, defendant must be granted a new trial (see CPL 440.30, subd 3).