■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN MASTRO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 2, 1978, convicting him of bribe receiving in the second degree, upon his plea of guilty, and sentencing him to an indeterminate term of imprisonment not to exceed three years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a term of six months' imprisonment. As so modified, judgment affirmed and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). The sentence imposed was excessive to the extent indicated herein. The defendant's other contention has been considered and has been found to be without merit. Cohalan, J. P., Margett, Hawkins and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY OBLEANIS, Appellant.—Judgment of the Supreme Court, Kings County, rendered June 25, 1976, affirmed. No opinion. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (subd 5). Cohalan, J. P., Margett, Hawkins and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PASQUINO, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 19, 1976, convicting him of bribery in the second degree and operating a motor vehicle while in an intoxicated condition, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of defendant's *Sandoval* motion to preclude the prosecutor from cross-examining him as to a prior conviction of offering a false instrument for filing in the first degree. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. After the judgment was rendered in this case, the appeal from the prior judgment of conviction, which was the subject of the *Sandoval* motion, resulted in a reversal of the judgment and dismissal of that indictment *(People v Pasquino,* 56 AD2d 896). A new trial is therefore required in the interest of justice. The question of whether the appellant was so intoxicated that he could not form the requisite intent to commit the crime of bribery was properly submitted to the jury. Appellant's argument that the interval between his arrest and the trial deprived him of his right to a speedy trial, is confined to his conclusory statement to that effect and is devoid of factual support. Although he claims that his trial counsel preserved the issue of speedy trial, he is apparently raising the issue for the first time on this appeal. The right to a speedy trial may be waived *(People v Piscitello,* 7 NY2d 387, 388). Under the facts and circumstances of this case, a review of this issue is not warranted. Hopkins, J. P., Martuscello, Gulotta and Shapiro, JJ., concur.