■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN MADORE, Appellant.—Appeal unanimously dismissed upon stipulation. (Appeal from adjudication of Erie County Court—youthful offender.) Present—Cardamone, J. P., Hancock, Jr., Doerr, Witmer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENFRED CRUMP, Appellant.—Judgment unanimously affirmed without prejudice to a motion to vacate the judgment pursuant to CPL 440.10. Memorandum: On his appeal from a judgment of conviction for criminal possession of stolen property in the second degree (Penal Law, § 165.45, subd 1), defendant seeks a reversal and a dismissal of the indictment under CPL 30.30 because of a delay of approximately 25 months. (Defendant was arrested on Feb. 4, 1977 and ordered held for the Grand Jury on Feb. 9, 1977 after a preliminary hearing. The trial did not commence until March 5, 1979.) No motion was made under CPL 30.30 before trial as required by CPL 210.20 (subd 2). Because the speedy trial issue may not be raised for the first time on appeal (see *People v Primmer,* 46 NY2d 1048; *People v Adams,* 38 NY2d 605; *People v Pasquino,* 65 AD2d 629), we reject this ground for reversal. The defendant also contends that he was deprived of the effective assistance of counsel in that his lawyer represented both him and a codefendant during the trial and the court failed to conduct the inquiry mandated by *People v Gomberg* (38 NY2d 307) (see *People v Macerola,* 47 NY2d 257). Furthermore, defendant argues, his lawyer should have made the speedy trial motion under CPL 30.30, but failed to do so. There is no evidence in the record concerning the reasons for the delay in prosecution or counsel's failure to make the motion under CPL 30.30. Under these circumstances, "it would be better * * * that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or postconviction proceeding brought under CPL 440.10". *(People v Brown,* 45 NY2d 852, 854.) Accordingly, we do not reach the issue of ineffective assistance, without prejudice to an application to Trial Term for consideration of such issues after a hearing in connection with a motion to vacate the judgment. We find no merit to defendant's other contentions. (Appeal from judgment of Erie County Court—criminal possession stolen property, second degree.) Present—Cardamone, J. P., Hancock, Jr., Doerr, Witmer and Moule, JJ.