OPINION OF THE COURT
Herbert I. Altman, J.
The defendant and his codefendant, Manuel Garcia, were convicted of burglary in the third degree following a jury trial before Justice Stanley Parness. Each was sentenced to an indeterminate term carrying a minimum of three and a maximum of six years. Following the conviction the Appellate Division assigned counsel to represent defendant on appeal. That attorney, believing that defendant had been ineffectively represented by trial counsel, has properly moved in this court, pursuant to CPL article 440, to vacate the judgment (see People v Brown, 45 NY2d 852; People v Brown, 28 NY2d 282, 286-287; People v Crump, 74 AD2d 719; People v Rivera, 73 AD2d 528, 529).
I
The question of the proper standard to be used in evaluating the performance of a defense attorney is currently in the process of judicial re-evaluation. The emerging *545 trend is away from the prior standard of whether the attorney’s performance rendered the trial a “farce and a mockery of justice” (see People v Bennett, 29 NY2d 462, 467; People v Tomaselli, 7 NY2d 350; People v Brown, 7 NY2d 359, cert den sub nom. Brown v New York, 365 US 821) toward the development of a “flexible framework” directed toward the “more stringent standard of ‘reasonable competence’ ” (see People v Aiken, 45 NY2d 394, 398; see, also, the excellent analysis of Lazer, J., in People v Baldi, 76 AD2d 259).
In any event, it is clear that “at the very least, the right of a defendant to be represented by an attorney means more than just having a person with a law degree nominally represent him upon a trial and ask questions. Moreover, and this is well settled, the defendant’s right to representation does entitle him to have counsel ‘conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself time for reflection and preparation for trial’” (People v Bennett, 29 NY2d 462, 466, supra). Stated otherwise, it must be possible, minimally, to find that the assistance of counsel was in fact of an assistive nature (People v LaBree, 34 NY2d 257, 261).
II
During the evening of September 19, 1978 police officers responding to a radio run of a burglary in progress investigated and found no indication of a crime. They then observed the defendant and his codefendant entering a taxicab, defendant holding a heavy television set. The officers approached and, in response to their inquiry, defendant stated that he had gotten the set from his girlfriend at 444 West 52nd Street. The officers requested the defendant and the codefendant to accompany them to that building to speak to the girlfriend.
Upon their entry into that building the officers established that defendant had no girlfriend in the building and that an apartment in the building had been burglarized. The fingerprint of the codefendant was later found on a pane of glass which had been knocked out of the complainant’s window.
*546 III
It is clear that effective assistance of counsel required the making by counsel of a motion to suppress the physical evidence on the ground of lack of probable cause. While suppression of the evidence would not necessarily have taken place, under the facts herein the making of such a motion was crucial.
The omnibus motion made by trial counsel who had been assigned by the Appellate Division to represent the defendant can only be described as gibberish. The motion purportedly seeks “to suppress physical evidence in the form of a Wade hearing.” Although the one-count indictment charged burglary in the second degree, at one point trial counsel referred to the charges as “burglary and criminal possession of stolen property and illegal entry” and at another as “among other things *** Robbery third degree, grand larceny third degree and illegal entry.” Notwithstanding the inartfully phrased statement in the notice of motion that the suppression of physical evidence would be sought (and the statement in a heading in the motion seeking a “Wade hearing to identify the defendant and to suppress any physical evidence which was obtained without a legal search”), in fact no such relief was demanded and no facts supporting such an application were alleged. A Wade hearing was sought although there had been no police arranged confrontation and, in fact, neither the complainant nor any other nonpolice witness had identified the defendant.
The deficiencies in the motion were recognized by Justice Betty Ellerin, who stated, in her decision, “[t]he moving papers in each instance fail to lay an appropriate foundation for the granting of any relief *** [m]oreover, it may be noted that not only are these amorphous requests for relief in great measure irrelevant, but in some instances the relief apparently desired is improperly characterized.”
Justice Ellerin’s decision did not prompt trial counsel to renew his application for a hearing. The failure of his motion to set forth any facts and its general tenor demon *547 strate that no thought went into it and that he misapprehended both the charges against his client and the relief which should have been sought.
This misapprehension carried over into the trial, during which trial counsel waived his opening statement, conducted cross-examination to no apparent purpose and, in his summation, twice referred to the charge as one of robbery.
Defendant’s trial attorney, a man in his 80’s, was removed from the felony and misdemeanor indigent defendant panels in Kings County in the spring of 1978. Subsequent to the trial herein he was removed from the indigent defendant panels in New York County and his cases were immediately reassigned. Although there are many capable octogenarians practicing before this court, unfortunately defendant’s trial counsel is not one of them.
IV
Although the decisions cited above indicate that the reason behind the policy that claims of ineffective assistance of counsel be raised in the trial court is the availability of an evidentiary hearing, in some cases such ineffectiveness may be demonstrable upon the main record (see People v Brown, 45 NY2d 852, supra; People v Droz, 39 NY2d 457; People v Bennett, 29 NY2d 462, 467, supra). This is such a case. It is clear beyond peradventure that trial counsel did not provide “reasonably competent” representation nor can it be said that his representation of the defendant was truly assistive.
Accordingly, the motion to vacate the judgment of conviction is granted and the case is restored to the calendar in Supreme Court, Part 40.