■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMINIO RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered October 26, 1973, convicting defendant after a jury trial of the crimes of attempted robbery in the first degree, attempted grand larceny in the third degree and possession of a weapon as a misdemeanor, and sentencing him to a term of imprisonment of 4 to 12 years on the attempted robbery count, and concurrent terms of one year each on the remaining counts, modified, on the law and in the exercise of discretion, to the extent of (1) reversing the conviction for attempted grand larceny in the third degree, and dismissing such count in the indictment and (2) striking the imposition of the minimum four-year term of imprisonment on the attempted robbery count, and, as so modified, the judgment is affirmed. The crime of attempted grand

larceny in the third degree, as the People concede, is an "inclusory concurrent count" of the crime of attempted robbery in the first degree (CPL 300.30, subd 4). Accordingly, the determination of guilt on the attempted robbery count requires dismissal of the lesser crime of attempted grand larceny. (CPL 300.40, subd 3, par [b]; *People v Pyles,* 44 AD2d 784.) Additionally, upon consideration of the facts and circumstances herein, we believe that it was an abuse of discretion to impose a minimum four-year term of imprisonment on the attempted robbery charge. While the crime was serious, nevertheless, imposition of the 12-year maximum term gives adequate scope of punishment. We note that the District Attorney in his recommendation upon sentencing, emphasized that such was based solely upon the facts and circumstances of this case and not upon defendant's prior record. And, although defendant's attempt at committing a robbery in the close confines of an elevator, while holding in hand a dangerous weapon, i.e., a knife, undoubtedly instilled fear in the complainant, nevertheless, the defendant did not touch, molest, or in any manner injure the victim, and ultimately, defendant fled when his demands were refused. We note further, as urged by the defendant, that certain remarks made by the trial court upon sentencing were inappropriate and indeed, improvident. However, subsequently, the court apologized for the remarks. Accordingly, since it does not appear that the court in imposing sentence acted out of hostility or prejudice toward the defendant, and since we conclude, as noted above, that the imposition of the maximum 12-year term on the attempted robbery count was in any event appropriate, we do not deem it necessary to vacate the sentence in its entirety. Concur—Stevens, P. J., Kupferman and Tilzer, JJ.; Capozzoli, J., dissents in part in a memorandum and Nunez, J., dissents in a memorandum, as follows: Capozzoli, J. (dissenting in part). I concur with the majority that the conviction for attempted grand larceny, third degree, should be reversed and the count charging this crime should be dismissed. I dissent insofar as the court is striking the four-year minimum term of imprisonment on the conviction for attempted robbery in the first degree and vote to affirm the sentence as it stands. In the afternoon of July 17, 1973, the woman complainant entered the elevator at the first floor of her apartment building. She had a cast on her broken foot and was using crutches. This defendant was already on the elevator and, although the complainant pressed the button for an upper floor, on which her apartment was located, the elevator descended to the basement. The doors opened and the defendant turned to face the complainant with a small knife in his hand. He told her, by the use of an indecent phrase, that he wanted her to submit to sex with him. She refused and he then demanded that she give him money and she said she did not have any. She retained her composure and protected herself from the defendant by her very resolve not to comply with anything he asked. While this was happening the elevator door closed and the elevator ascended to the first floor, at which time the defendant ran away. He was subsequently arrested, indicted by the Grand Jury and tried. He was convicted by the jury and sentenced to a minimum of four years to a maximum of 12 on the attempted robbery, first degree count. I simply cannot understand why there should be any interference by this court with the sentence imposed on this defendant by the trial court. Defendant is 30 years of age and has a history of conflicts with the law as follows: "11/23/63 —Assault III, Manhattan Criminal, 12/2/63 Sixty days NYCCI; 3/11/64— 1897 Penal Law, Manhattan Criminal, 3/24/64 Pen Indefinite; 9/17/65— Unlawful Entry, Manhattan Criminal, 10/7/65 Six months NYCCI; 7/9/66 —Disorderly Conduct, Manhattan Criminal, 5/3/71 Suspended Sentence;

11/11/70—Robbery 1, Queens Supreme, 5/14/71 Four Years NYSDCS 7/13/ 73 Paroled." On the robbery conviction in Queens he served until July 13, 1973, at which time he was paroled. It must be noted and *emphasized that it was just four days after his release on parole* that this defendant committed the crime in the case at bar. An examination of the probation report of the probation officer, who interviewed this defendant following his conviction in the case at bar, discloses that the defendant "thinks he has a personality problem and does not know why he can't find a girl". This, perhaps, may well account for the reason why he tried to have sex with the complainant in this case, even though she was on crutches. What guarantee is there that, if this defendant, at some future time, gets a feeling to be with a woman and attempts the same thing as he did in this case, that the victim at that time would be as fortunate as the complainant in this case? The record indicates that the sentencing court conferred with members of a sentencing panel of jurists and the panel concluded that the maximum sentence should be imposed on this defendant of 5 to 15 years. However, the Sentencing Judge made it 4 to 12 years. There can be no doubt that the history of this defendant and the details of the crime which led to his present conviction, were considered by the court below and I find it difficult to criticize this sentence. Insofar as the remark by the defendant concerning his desire for the electric chair, and the rejoinder by the Sentencing Judge, it all amounts to much ado about nothing. Of course, the Sentencing Judge had no intention whatever, even if he had been legally able to do so, to inflict the death penalty. By the same token, neither did the defendant have any intention to have welcomed the death chair in preference to the sentence he received. Both the defendant and the court were engaged in making face-tious remarks and those remarks should be recognized as such, and completely disregarded as irrelevant. Nunez, J. (dissenting). The defendant met the complainant, a housewife, in an apartment house elevator. He made improper sexual advances to her. He also asked her for her money. The complainant refused both requests, whereupon, without any intervening cause and voluntarily, the defendant left the elevator without touching the complainant, without making any threats to her and without making any attempt to either attack her or take her money. He was tried to a jury and convicted of attempted robbery and related charges. Defendant did not testify and called no witnesses. He was sentenced to 12 years maximum imprisonment with a minimum of four years. At sentence, upon being told by an interpreter that the District Attorney was requesting a 12-year prison sentence, the defendant stated "If you're going to give me twelve years in prison please give me the electric chair." Instead of recognizing the defendant's statement as a "quijotesca" reaction by a Spanish surnamed defendant, the court responded "Unfortunately, the legislature abolished it [the electric chair]. I can't oblige you by acceding to your request." The court, in response to defense counsel's exception, attempted to justify its statement by saying "Well, he requested it." To the court's credit, he later recognized the impropriety and apologized for his remarks. Unfortunately for the defendant, it would seem that the court's regret for its inability to comply with the defendant's request to be sentenced to the electric chair rather than its apology, was reflected in the harsh and excessive sentence imposed. The evil of disparate sentences seems to be here to stay. It would serve no useful purpose to review and cite the cases as authority. Mine has been the unheard, lonely voice in the wilderness crying out against at least grossly disparage sentences. One recent such case comes readily to mind. See my dissent in *People v Junco* (43 AD2d 266, affd 35 NY2d 419), where the least

culpable of three defendants received the longest prison term and the Court of Appeals completely ignored the obvious injustice in the disparate sentences. And I have in mind another case, *People v Quigley* (48 AD2d 874), decided by us on April 8, 1975. Quigley, a police officer, attempted to rob a lady at gunpoint and upon her refusal to give up a $20 bill, the defendant shot her, resulting in injuries which confined her to a hospital for five months. Indicted for attempted robbery and assault, the Trial Judge in the exercise of discretion submitted only the assault count, although the proof amply supported the attempted robbery count as well. Quigley testified, obviously perjuring himself. He was convicted of assault in the first degree and received a maximum three-year sentence. It is true that Rodriguez had a prior criminal record, while Quigley did not. But it is also true that Rodriguez had paid for his prior transgressions as recognized by the District Attorney who stated that his recommendation of a 12-year sentence was "not based on this defendant's prior record," but solely on the particular facts of this case. Equal treatment should be an important goal of criminal justice administration. Wide disparity in sentences for which no reason can be given undoubtedly create problems of institutional morale. What will be Rodriguez's reaction when he compares notes with Quigley in State's prison? And the reaction of the other inmates who learn of the disparity? Quigley shot his victim after threatening to kill her if she did not hand over a $20 bill. Rodriguez docilely and voluntarily gave up his illegal pursuits without any physical harm to the person or property of his victim. Who deserves more consideration at the court's hands? Should we encourage defendants, once embarked on their criminal pursuits, to turn away and abandon their evil actions or should they be encouraged to complete their crime? And while we may not increase a sentence, we do have the power to vacate an improper sentence or to reduce it if it is excessive, powers often exercised by us and other appellate courts in the interests of justice. In this case, in view of the sentencing court's expressed hostility towards the defendant, I would vacate the sentence and remand for sentencing before another Judge. The 12-year sentence is clearly excessive and at the very least I would reduce it to an indeterminate sentence not to exceed six years.