OPINION OF THE COURT
Jasen, J.
This appeal raises the issue whether appellant, who voluntarily and willfully absented himself from trial, was denied the right to effective assistance of counsel.
In the late evening hours of July 24, 1970, two detectives of the New Rochelle Police Department, on patrol in an unmarked car, received a call directing them to proceed to a private residence in New Rochelle. Upon arriving at the subject premises and approaching the house, one of the detectives observed a figure drop to the ground and attempt to roll under shrubbery adjacent to the house. Shining a flashlight on the figure, the detective ordered that he roll out onto the grass, a directive with which appellant, clad in gloves, complied. Contemporaneous with the appellant’s apprehension, the arresting detective’s partner conducted a search of the remainder of the premises, during the course of which he engaged in an unsuccessful attempt to apprehend a second individual whom he had also observed drop from the second floor balcony. Subsequent investigation of the house revealed *397 that a windowpane in a door on the second floor balcony had been broken and the door itself left ajar. The master bedroom lay in a state of disarray, with the contents of a dresser drawer having been dumped on the floor.
Appellant, together with another, William Thorne, was indicted and charged with burglary in the second degree. (Penal Law, § 140.25.) Although the case was set down for trial on December 13, 1971, appellant failed to appear, necessitating the issuance of a bench warrant for his arrest. Appellant did appear the following day, and, after adjournment, the trial began with the voir dire of the jurors on December 15. Inasmuch as only nine jurors were selected that day, the voir dire was scheduled to continue on the 16th; however, appellant failed to appear. When on the 17th appellant again did not appear, the court found appellant’s absence willful and voluntary and, therefore, ordered that the trial proceed in his absence, notwithstanding that only nine jurors had been sworn. Appellant’s retained counsel moved for a mistrial on the ground that jeopardy had not yet attached. The court denied the motion and directed counsel to continue with appellant’s defense in his absence.
At the conclusion of the trial, the jury returned a verdict convicting appellant of burglary in the second degree, but acquitted his codefendant Thorne, who was present throughout the trial and represented by separate counsel. The Appellate Division unanimously affirmed the conviction. On this appeal, appellant maintains that he was denied the right to effective assistance of counsel. Specifically, he points to counsel’s waiver of an opening and closing statement; failure to cross-examine witnesses called by either the People or his codefendant; failure to call witnesses to testify on appellant’s behalf; and, finally, failure to object to the introduction of any evidence by either the People or his codefendant.
Upon this record, we hold that appellant was not denied the right to effective assistance of counsel. At the outset, we note that although a defendant charged with a felony not punishable by death may, by his voluntary and willful absence from trial, waive his right to be present at every stage of his trial and to confront witnesses .who testify against him (People v Epps, 37 NY2d 343, 349, cert den 423 US 999; People v Johnson, 37 NY2d 778, 779; People v Byrnes, 33 NY2d 343, 349; People ex rel. Lupo v Fay, 13 NY2d 253, 257, cert den 376 US 958; People v Winship, 309 NY 311, 313; *398 People v La Barbera, 274 NY 339, 343), he may not, by absence alone, waive his right to effective assistance of counsel. (See People v Johnson, supra.) This right, guaranteed by both the Federal and State Constitutions (US Const, 6th Arndt; NY Const, art I, § 6; see People v Medina, 44 NY2d 199, 207), is not, we have often said, susceptible to precise delineation. (See People v Droz, 39 NY2d 457, 462; People v La Bree, 34 NY2d 257, 260; People v Bennett, 29 NY2d 462, 466.) Nonetheless, given the judicial need for the application of some standard with which to gauge the representation provided by defense counsel, we have attempted in the past to formulate a threshold standard, and, in so doing, have held that although counsel’s representation of a defendant need not be errorless (People v La Bree, 34 NY2d, at pp 260-261, supra), it must not be such as to render the defendant’s "trial a farce and a mockery of justice”. (People v Brown, 7 NY2d 359, 361, cert den 365 US 821; People v Bennett, 29 NY2d, at p 467, supra; People v Tomaselli, 7 NY2d 350, 354.) In recent years, however, we have displayed a greater desire to avoid the confining strictures of a standard presumptively applicable to all cases. In People v Droz (supra), for example, rather than measuring the quality of counsel’s representation of the defendant in terms of the "mockery of justice” standard, we concluded only that upon the facts of that case counsel’s omissions and errors precluded us from finding that his representation of the defendant "was adequate or effective in any meaningful sense of the words.” (39 NY2d, at p 463, supra.)
We recognize that in our quest for the development of a flexible framework within which to ensure a defendant’s right to receive effective legal representation, we are not alone. Particularly in the Federal courts there rages intense debate over the level of legal representation which can be said to constitute ineffective counsel. While a number of the Circuit Courts of Appeals continue to apply the traditional "mockery of justice” standard (see, e.g., Rickenbacker v Warden, 550 F2d 62, 65, cert den 434 US 826; United States v Madrid Ramirez, 535 F2d 125, 129; Coney v Wyrick, 532 F2d 94, 98-99), it would appear that the majority of circuits have adopted a more stringent standard of "reasonable competence” (see, e.g., United States v Fessel, 531 F2d 1275, 1278; United States v Elksnis, 528 F2d 236, 238; United States v Toney, 527 F2d 716, 720, cert den 429 US 838; United States v De Coster, 487 F2d 1197, 1202; United States ex rel. Spencer v Warden, 545 *399 F2d 21, 25 [minimum standard of professional representation]; United States ex rel. Johnson v Johnson, 531 F2d 169, 174, cert den 425 US 997 [exercise of customary skill and knowledge]).
 In the present case, however, application of either standard mandates the conclusion that appellant was not denied the right to effective assistance of counsel. Whether representation of counsel was effective cannot be determined in a vacuum. An act or omission on the part of counsel, which in one case might constitute error, need not constitute error in all cases. The right to counsel was not intended to afford a defendant, aided by the wisdom of hindsight, to second guess matters of trial strategy employed by counsel. Significantly, although a defendant may not, by absence alone, waive his right to effective legal representation, his absence must, of necessity, be taken into consideration on the issue of counsel’s effectiveness. To be sure, a defendant’s absence from trial may severely hamper even the most diligent counsel’s ability to represent his client effectively.
Before analyzing appellant’s specific contentions as to his counsel’s alleged ineffectiveness, we emphasize that a defendant who absents himself from trial may not succeed on appeal by raising counsel’s purported ineffectiveness where counsel affirmatively, as a matter of trial strategy, sought to obstruct the trial of his client. Having previously held that a defendant who voluntarily and willfully absents himself from trial waives his right to confrontation and to be present at his trial, we would erode, if not destroy, the significance of that ruling were we to reverse an absented defendant’s conviction because of counsel’s refusal to actively participate at trial. To do otherwise would be to permit defendant’s counsel to accomplish that which we will not permit a defendant to accomplish himself: that is, to render his trial a nullity. For this reason, we reject appellant’s contention that defense counsel’s conduct, viewed as a consequence of counsel’s belief that a mistrial should have been granted and his unwillingness to act in a manner which might jeopardize his objection to appellant’s trial in absentia, constituted ineffective legal representation. Instead, we view counsel’s conduct as indicative of a conscious strategic decision designed to pressure the trial court into declaring a mistrial. As such, the wisdom of counsel’s decision can provide no basis for appellant’s claim that he was denied effective counsel.
*400 In analyzing appellant’s specific contentions as to counsel’s alleged ineffectiveness, we begin with counsel’s waiver of an opening and closing statement. Standing by itself, a waiver of either statement is not necessarily indicative of ineffective legal representation. (See United States v Robinson, 502 F2d 894, 896; People v Goodwin, 24 111 App 3d 1090, 1095.) In a case such as appellant’s where the defendant is apprehended at the scene of the crime, counsel, having little or nothing of an affirmative nature to offer the jury, may, as a matter of trial strategy, decline to make an opening and closing statement. (See Finer, Ineffective Assistance of Counsel, 58 Cornell L Rev 1077, 1093-0194, 1106-1107.)
Similarly, defense counsel’s failure to cross-examine witnesses or to call witnesses of his own on behalf of appellant is again traceable to the particular facts of this case. It cannot be seriously contended that the People had anything but a strong case against appellant. From this vantage point, we cannot say that counsel erred in choosing not to cross-examine witnesses presented by either the People or codefendant Thorne. This decision may properly have been made on the theory that lacking any point of substance, counsel was best advised to forego cross-examination, rather than reinforce in the minds of the jury the witnesses’ testimony. (See, e.g., United States v Robinson, 502 F2d, at p 897, supra; Frand v United States, 301 F2d 102, 103; Finer, Ineffective Assistance of Counsel, 58 Cornell L Rev 1077, 1096-1098.) And, of course, as for counsel’s failure to call any witnesses on behalf of appellant, the record speaks for itself. Counsel may be reasonably expected to call upon witnesses to testify on behalf of a defendant only when such witnesses exist. (Cf. People v Stevenson, 60 Mich App 614, 617.) Counsel is placed in a particularly difficult position when, as in this case, a defendant absents himself from trial, depriving counsel of the benefit of his assistance in the process of bringing forth witnesses to testify on his behalf.
As a final point of contention, appellant urges that counsel erred in failing to object to the introduction of any evidence at trial. Notwithstanding this allegation, appellant points to no evidence, and our examination of the record discloses none, which was inadmissible and should have been objected to by defense counsel.
In concluding that appellant was not denied effective assistance of counsel, we would add that we do not view the *401 distinction between retained and appointed counsel, proffered by respondent, as bearing upon the resolution of this case. Admittedly, courts have in the past drawn a distinction between appointed and retained counsel, holding a defendant represented by the latter to a heavier burden of proof on the issue of counsel’s ineffectiveness, on the theory that retained counsel, as an agent of the defendant, is subject to his control. (See, e.g., United States ex rel. Darcy v Handy, 203 F2d 407, 426, cert den sub nom. Maroney v United States ex rel. Darcy, 346 US 865; Weatherman v Peyton, 287 F Supp 819, 823.) However, we view this distinction as strained, and as one which obscures the basic issue: that is, whether a defendant’s counsel, appointed or retained, failed to provide effective legal representation, thereby depriving the defendant of a fair trial. To presume that a defendant represented by retained counsel has the capability to discern during the course of trial that his legal representation is ineffective, let alone exert meaningful control over counsel’s conduct, is, in our opinion, unwarranted, either in theory or in practice. (See Fitzgerald v Estelle, 505 F2d 1334, 1336, cert den 422 US 1011; United States ex rel. Williams v Twomey, 510 F2d 634, 640, cert den 423 US 876.)
Finally, we hasten to comment that we are cognizant of the jury’s verdicts convicting appellant of burglary in the second degree and yet acquitting his codefendant Thorne of the same crime. However, in light of the fact that Thorne was not apprehended at the scene of the crime, as was appellant, we cannot say that the divergent jury verdicts occurred as a result of the allegedly ineffective trial conduct of appellant’s counsel.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.