THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CLIFFORD WISE, Appellant.

Fourth Department, November 3, 1978

## APPEARANCES OF COUNSEL

*Alfred Kremer* for appellant.

*Lawrence Kurlander (Adam Bernstein* of counsel), for respondent.

## OPINION OF THE COURT

HANCOCK, JR., J.

On appeal from convictions of robbery in the second degree and grand larceny in the second degree, defendant argues that there should be a reversal and a new trial because he was deprived of the effective assistance of counsel and because the trial court was under an obligation to relieve defense counsel during the trial and to declare a mistrial.

On April 13, 1976, after a suppression hearing and completion of the jury selection and after a motion challenging the composition of the jury panel had been argued and denied, defendant for the first time advised the court of his dissatisfaction with his counsel, Mr. Charles Davis. In the ensuing colloquy, defendant claimed that although he had hired him three or four months prior to trial, he had just learned that this was Mr. Davis' first jury trial. (Mr. Davis said that he had informed defendant of this fact earlier.) Defendant asked for "an opportunity to get counsel that I feel would be qualified to represent me properly." In response to the court's inquiry as to whether he wished to withdraw, Mr. Davis replied, "I wasn't going to ask to withdraw from the case. What I was about to say was that under the circumstances the defendant not having full confidence in my ability to represent him * * * may have some effect upon my ability to represent him." The court noted that two months previously, with defendant and his attorney present, the case had been set for a day certain and that there had been ample time to prepare for trial and to obtain new counsel had defendant wished to do so. After determining that there was no animosity on the part of the defendant toward his counsel, the court ordered the trial to proceed.

When the court reconvened after a recess on the afternoon

of the fourth day of trial, April 16, 1978 (after seven of the People's witnesses had taken the stand), Mr. Davis in the presence of the jury refused to continue with the trial. He berated the court, saying, "You made statements in private that I feel were a prejudgment on your part, and you have also influenced the jury with those statements [and] by your actions on the bench." As he stalked out of the courtroom, he exclaimed, "I refuse to proceed any further with this trial." The court excused the jury and dispatched a court attendant to bring Mr. Davis back to the courtroom. Upon his return a prolonged and sometimes heated colloquy took place. Mr. Davis repeated his accusations against the court[1] and demanded that he be relieved as counsel, claiming mistakenly that on April 13 he had asked to withdraw from the case. He then moved for a mistrial. Justice BOOMER categorically denied any prejudicial conduct including the specific charges made by Mr. Davis. He observed that the case had been set down for a day certain over a month in advance in the presence of defendant and Mr. Davis and that Mr. Davis was defendant's third attorney.[2] Over Mr. Davis' persistent refusals, the court ordered him to continue with the trial under pain of being held in contempt of court.

There is nothing in the record to indicate that the outburst adversely affected Mr. Davis' ability to proceed with the trial. On the contrary, he subsequently conducted lengthy and thorough cross-examinations of the People's remaining witnesses, made his summation, and objected on several occasions both to the testimony and to the People's summation, all with the same effectiveness that he had demonstrated before the incident.

Defendant does not now assert that there was any substance to his mistrial motion founded on the allegedly prejudicial conduct by the court. Indeed, a review of the record demonstrates that there was none and that the trial was conducted throughout with meticulous fairness. Instead, defendant urges on appeal that a mistrial should have been granted to permit

1. After excusing the jury, the court repeatedly requested defense counsel to spread on the record the alleged facts on which the charge of prejudicial conduct was based. Counsel's only response was that at one point Justice BOOMER "threw his hands up in the air." Justice BOOMER explicitly denied any prejudicial conduct, including counsel's specific allegation. The prosecuting attorney stated that no impropriety had occurred, and the record is devoid of support for defense counsel's charge.

2. The prosecuting attorney indicated that Mr. Davis may have been defendant's fourth attorney, an allegation not disputed by defendant.

defense counsel to withdraw and that defendant was not afforded his right to adequate representation by counsel.

■ We hold that the court's denial of the motion for mistrial based on the defendant's dissatisfaction with counsel and counsel's belated motion to withdraw was a proper exercise of discretion. Mr. Davis was the defendant's third or fourth attorney and a day certain had been set for trial two months earlier. Moreover, although not determinative *(People v Aiken,* 45 NY2d 394, 401), we note that Mr. Davis was not court appointed but had been retained three or four months prior to trial and that the defendant had had a full opportunity to inquire into his experience and ability. There is no showing that Mr. Davis was incapable of proceeding after his attack upon the court or that any circumstance arose rendering it "physically impossible to proceed with the trial" (CPL 280.10, subd 3; cf. *People v Kelly,* 9 NY2d 697; *People ex rel. Brinkman v Barr,* 248 NY 126). Nor can it be said that Mr. Davis' erratic conduct before the jury constituted "an error or legal defect in the proceedings, or conduct * * * which [was] prejudicial to the defendant and deprive[d] him of a fair trial" (CPL 280.10, subd 1; cf. *People v Byrne,* 17 NY2d 209). The court promptly excused the jury when the incident occurred and properly instructed it upon its return. Indeed, for the court to have granted a mistrial founded on the possible prejudicial effect on the jury of defense counsel's willful behavior would have been to permit defense counsel by a "conscious strategic decision * * * to pressure the trial court into declaring a mistrial" *(People v Aiken, supra,* p 399; cf. *People v Epps,* 71 Misc 2d 1075, affd 46 AD2d 890, affd 37 NY2d 343, cert den 423 US 999; *People v Johnson,* 45 AD2d 1030, affd 37 NY2d 778).

■ Defendant also argues that he was not afforded his right to effective representation. The standard by which the earlier cases measured the adequacy of representation by defense counsel was whether it rendered the defendant's trial "a farce and a mockery of justice" *(People v La Bree,* 34 NY2d 257, 260; *People v Bennett,* 29 NY2d 462, 467; *People v Tomaselli,* 7 NY2d 350, 354; *People v Brown,* 7 NY2d 359, 361). The Court of Appeals has in recent years "displayed a greater desire to avoid the confining strictures of a standard presumptively applicable to all cases" *(People v Aiken, supra,* p 398). The court observed in *People v Aiken (supra,* p 399) that adequacy of representation "cannot be determined in a vac-

uum", and that "[a]n act or omission on the part of counsel, which in one case might constitute error, need not constitute error in all cases." In *People v Droz* (39 NY2d 457, 463), for example, the court, in ordering a new trial, held that "considering all the omissions and errors of defense counsel, we cannot say that the representation defendant received in this case was adequate or effective in any meaningful sense of the words." (See also *People v Medina,* 44 NY2d 199, 207.)

Viewed within the flexible framework developed by the Court of Appeals in *People v Aiken (supra)* and *People v Droz (supra),* the facts of the case before us compel the conclusion that the representation rendered by defense counsel was adequate and effective. No crucial element of the defense was omitted (cf. *People v Bennett, supra),* and counsel appeared to be prepared and to have a grasp of the facts and legal principles involved (cf. *People v Droz, supra).*

█ It is urged that we should find counsel's representation inadequate because of his improper and unprofessional tirade against the court in the presence of the jury. Defendant claims that the incident demonstrates that counsel was "laboring under a pyschological disadvantage" and that he was unable to cope with the pressures of the trial. The record does not support this contention. There is no evidence that counsel ever lost his composure or his concentration or that after his eruption he was less effective. Furthermore, we view counsel's conduct as part of a tactic intended to force the court to declare a mistrial. We cannot permit defendant to succeed on appeal by raising as evidence of counsel's ineffectiveness the very stratagem with which counsel sought and failed to abort the trial (see *People v Aiken, supra).* To permit defendant to bolster his claim of inadequate representation by citing his counsel's unsuccessful efforts to force a mistrial would be "to permit defendant's counsel to accomplish that which we will not permit a defendant to accomplish himself: that is, to render his trial a nullity" *(People v Aiken, supra,* p 399).

█ The other points raised on appeal are, with the following exception, without merit. The crime of grand larceny in the second degree is an inclusory concurrent count of the crime of robbery in the second degree (see *People v Clark,* 50 AD2d 932; *People v Rodriguez,* 48 AD2d 625). Accordingly, defendant's conviction of robbery in the second degree required dismissal of the count of grand larceny in the second degree (CPL 300.40, subd 3, par [b]; see *People v Diaz,* 65 AD2d 929).

The judgment should be modified by vacating the conviction for grand larceny in the second degree and dismissing that count, and otherwise affirmed.

CARDAMONE, J. P., DILLON, SCHNEPP and WITMER, JJ., concur.

Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with opinion by HANCOCK, JR., J.