**Clifford WISE, Petitioner,**

v.

**Harold J. SMITH, Superintendent, Attica Correctional Facility, Respondent.**

**No. CIV–79–829T.**

United States District Court,
W.D. New York.

March 16, 1983.

Clifford Wise, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., Rochester, N.Y., Donald O. Chesworth, Jr., Monroe County Dist. Atty., Rochester, N.Y., for respondent.

## DECISION and ORDER

TELESCA, District Judge.

Clifford Wise filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 22, 1979, and leave to proceed *in forma pauperis* was granted. On June 18, 1980, counsel was assigned to represent petitioner, and an amended petition

\* Order entered December 8, 1977 (Boomer, J.).

**45**

was filed on April 7, 1981. The Attorney General of the State of New York appears for the respondent.

On September 12, 1975, petitioner took Two Thousand Six Hundred Thirty-eight Dollars, ($2,638.00) at gun point from a teller at the Westend Branch of the Lincoln First Bank of Rochester, New York. He was convicted after a jury trial in Supreme Court, Monroe County (Boomer, J.), of robbery in the second degree (New York Penal Law 160.10) and grand larceny in the second degree (New York Penal Law 155.-35), and is presently serving a sentence of from 7½ to 15 years on the robbery conviction. Petitioner moved for relief pursuant to New York Criminal Procedure Law 440.-10(1)(h) upon the ground that he was denied his right to the effective assistance of counsel as secured by the constitutions of the State of New York and of the United States. Petitioner's motion was denied \* and on January 10, 1978 he was denied leave to appeal the order to the Appellate Division, Fourth Department (Witmer, J.).

Additionally, petitioner appealed his conviction to the Appellate Division, Fourth Department, which on November 3, 1978 modified the judgment by dismissing the grand larceny conviction, but otherwise unanimously affirming the robbery conviction. *People v. Wise,* 64 A.D.2d 272, 409 N.Y.S.2d 877 (4th Dept.1978). On February 23, 1979, the New York Court of Appeals denied leave to appeal (Gabrielli, J.).

In his amended petition for a writ of habeas corpus, petitioner asserts two claims: (1) that he was denied effective assistance of counsel at his trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution, and (2) that he did not receive a fair trial because of the trial court's failure to declare a mistrial based upon defense counsel's actions, in violation of the Fourteenth Amendment of the United States Constitution.

The conduct of petitioner's retained trial counsel, Charles L. Davis, forms the basis of both claims. Upon completion of jury selec-

tion, Mr. Davis informed Judge Boomer that Mr. Wise was dissatisfied with defense counsel's performance. In response to questions from the Bench, petitioner advised the Judge that he felt that Mr. Davis was too inexperienced to handle the trial, and that Mr. Davis had only recently informed him that this was his first jury trial. Judge Boomer ruled that it was too late for petitioner to obtain new counsel, that he felt that Mr. Davis was capable of handling the trial, and ordered the trial to proceed.

On the fourth day of the trial, in the presence of the jury, Mr. Davis refused to continue with the trial. He told the Court, "you made statements in private that I feel were a prejudgment on your part, and you have also influenced the jury with those statements by your action on the Bench. . . . I refuse to proceed any further with this trial". He slammed his brief case shut and stalked out of the courtroom.

Upon the return of Mr. Davis, a bitter colloquy took place in which Mr. Davis repeated his accusations against the Court and requested to be relieved as counsel. Judge Boomer denied any prejudicial conduct, and ordered Mr. Davis to continue. The trial resumed without further interruption.

In considering an application for a writ of habeas corpus, Federal courts must observe the limitations set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides that "a determination after a hearing on the merits of a factual issue, made by a State court . . . shall be presumed to be correct", unless certain circumstances are present. Factual determinations by state appellate courts, as well as state trial courts, are entitled to this presumption of correctness. *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981); *Id.,* 455 U.S. 591, 102 S.Ct. 1303, 71 L.Ed.2d 480 (1982).

■ In this case, the state courts made several factual determinations to which this Court must accord the statutory presumption of correctness in reaching an independent legal conclusion based on Federal standards. Judge Boomer said of Mr. Davis: "At first he was rather slow in selecting the

jury, but he impressed me, as matters went on, of being an aggressive defense counsel, and his summation, I thought, was impressive under all the circumstances of the case." The Appellate Division found that "no crucial element of the defense was omitted . . . and counsel appeared to be prepared and to have a grasp of the facts and legal principles involved". With respect to Mr. Davis' outburst, the Appellate Division stated that "there is no evidence that counsel ever lost his composure or his concentration or that after his eruption he was less effective. Furthermore, we view counsel's conduct as part of a tactic intended to force the court to declare a mistrial."

Petitioner's numerous assertions of omissions, mistakes and misconduct by Mr. Davis cannot stand in the face of these state court determinations. Nor has there been any showing that the presumption of correctness does not apply due to the presence of circumstances enumerated in 28 U.S.C. § 2254(d)(1)–(8). Applying this Circuit's standard for determining the adequacy of counsel to the facts as determined by the state courts, I find that Mr. Davis' representation was not such as to make the trial a "farce and mockery of justice". *United States v. Wight,* 176 F.2d 376 (2nd Cir.1949), *cert. denied,* 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). Accordingly, denial of effective assistance of counsel has not been established.

■ Petitioner's second claim is that he was not afforded his right to a fair trial when the trial court failed to declare a mistrial based on the prejudicial impact of defense counsel's conduct. In evaluating possible juror bias, the trial judge's assessment of the prejudicial impact of improper conduct is entitled to special respect. *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

■ Judge Boomer promptly excused the jury when Mr. Davis had his outburst. When they returned, he instructed them to disregard the improper comments. Judge Boomer, being far more "conversant with the factors relevant to the determination",

*Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974, was in a better position than this Court is to assess prejudicial impact. In the absence of a showing that Judge Boomer failed to exercise sound discretion, I find that petitioner's second claim does not provide a basis for habeas corpus relief.

It is therefore hereby,

ORDERED that the request of the Monroe County District Attorney's Office to intervene is granted. Petitioner Wise's application for habeas corpus relief is denied. Certificate of probable cause is denied.

Permission to appeal *in forma pauperis* is also denied with the qualification that petitioner may file a notice of appeal with the Clerk of the United States District Court, United States Court House, Buffalo, New York 14202, without payment of filing fees. Notice of appeal must be filed within thirty (30) days of the date of the judgment.

This denial does not prevent the petitioner from applying directly to the Court of Appeals for the Second Circuit for a certificate of probable cause and for permission to prosecute an appeal *in forma pauperis*.

SO ORDERED.