Jones, J.
(dissenting). In this case of first impression, I cannot agree that, for no reason other than that it occurred prior to the commencement of the criminal action, this defendant has no constitutional right to relief for what unquestionably was gross ineffective assistance of counsel which may well lead to his conviction. The factual circumstances of the case are detailed in the majority opinion. Both courts below, the People in our court, and the majority do not dispute that the conduct of defendant’s retained counsel constituted such ineffective representation as to call for judicial remedy had it occurred after the formal initiation of criminal proceedings.
The majority mistakenly equates a defendant’s constitutional right to effective representation by counsel with his right to be free from impairment of his right to counsel by the police or the prosecutor. The cases on which the majority relies all involve issues in the latter category — police or prosecutorial interference with a defendant’s constitutional right to counsel; none addresses the constitutional right of a defendant to effective assistance of counsel, wholly independent of any activity on the part of the People. There can be no doubt that a defendant’s right to be free from police and prosecutorial interference arises at the stage identified in the majority opinion. That circumstance, however, is not determinative of the stage at which a defendant’s right to effective assistance of counsel arises. Two quité different aspects of the right guaranteed by the Sixth Amendment are involved; that both are sometimes imprecisely referred to under the general rubric of a “right *564 to counsel” should not be permitted to obscure the essential differences between the two.
It is acknowledged that the constitutional right to representation by counsel is the right to representation by effective counsel (Cuyler v Sullivan, 446 US 335, 344; McMann v Richardson, 397 US 759, 771, n 14; People v Baldi, 54 NY2d 137), and that the constitutional right to effective assistance of counsel extends to retained as well as assigned counsel. In Cuyler v Sullivan (446 US 335, supra), the Supreme Court of the United States considered the nature of the constitutional right to counsel and whether it extended to retained counsel. As to the latter issue it wrote: “A proper respect for the Sixth Amendment disarms petitioner’s contention that defendants who retain their own lawyers are entitled to less protection than defendants for whom the State appoints counsel. We may assume with confidence that most counsel, whether retained or appointed, will protect the rights of an accused. But experience teaches that, in some cases, retained counsel will not provide adequate representation. The vital guarantee of the Sixth Amendment would stand for little if the often uninformed decision to retain a particular lawyer could reduce or forfeit the defendant’s entitlement to constitutional protection. Since the State’s conduct of a criminal trial itself implicates the State in the defendant’s conviction, we see no basis for drawing a distinction between retained and appointed counsel that would deny equal justice to defendants who must choose their own lawyers.” (Cuyler v Sullivan, 446 US 335, 344-345, supra [nn omitted]). We have similarly rejected arguments based on a distinction between retained and assigned counsel (People v Aiken, 45 NY2d 394, 400-401).
In addressing the broader issue of the nature of the constitutional right to be represented by counsel, Justice Lewis F. Powell, Jr., writing for a unanimous court in Cuyler, recognized that the constitutional right to counsel is implicated because it is State action that leads to a defendant’s ultimate conviction, whether in consequence of a trial or a plea, and held “that inadequate assistance does not satisfy the Sixth Amendment right to counsel made applicable to the States through the Fourteenth Amend *565 ment”. (446 US, p 344.)[1] Nothing in the opinion suggests that the right to effective assistance arises only after criminal proceedings have been commenced. Nor has any court heretofore so held. To’ the contrary, as recently as in People v Smith (59 NY2d 156) our court entertained and after careful consideration rejected contentions that the defendant’s conviction in Albany County Court should be reversed because of ineffective assistance of retained counsel prior to the institution of any charges in Albany County.[2] In that case, as in the present, the claimed ineffective representation was the attorney’s advice to the defendant to give statements to law enforcement authorities.
On principle a line of demarcation, as to ineffective assistance of counsel, fixed at the initiation of the criminal action makes no sense other than that it happens to be the critical point when it is claimed that activity on the part of the police deprived the defendant of his constitutional right to the presence of counsel. Nothing can be envisioned which could be more disastrous than, as here, such incompetence of representation, when the defendant was no more than a suspect and no criminal proceeding had even been commenced, as all but to assure his conviction. The panoply of constitutional protections to which defendant is entitled during the investigatory stage and later in the prosecutorial stage, both pretrial and at trial, may have been effectively frustrated. If, as the Supreme Court and this court have recognized, a defendant is entitled to competent representation by retained counsel, once counsel has been engaged such right must extend to representation at any stage of the events where incompetency may contribute significantly to his ultimate conviction.
The reasons advanced at the Appellate Division for holding that remedy is to be given only for ineffective *566 assistance of counsel which occurs after a criminal proceeding has been commenced are unpersuasive. That court appears mistakenly to have concluded that a defendant’s right to relief in consequence of ineffective assistance of counsel is somehow predicated on a failure of the court or of the prosecutor at the time to have protected him from the incompetence of his attorney.[3] Reference is made to the fact that “cases which examine the effectiveness of counsel involve situations in which the State, usually through its Judges, has failed in its duty to oversee the criminal process and to discern and prevent ineffective representation” (85 AD2d 245, 257), that the standard for determining ineffective assistance is based on “the assumption that Judges on the pretrial or trial level will police the competence of lawyers practicing before them”, that “[t]his factor of judicial involvement is not present in a case such as this”, and that it cannot “be argued that the District Attorney had an obligation to assess the competency of counsel’s advice” and that even if such obligation be assumed in an extreme case, “in this case the District Attorney did not know that Heller was giving incompetent advice” (p 258). Although it is true that the court, and perhaps the prosecutor in extreme instances, has the obligation to protect the defendant from representation by his counsel which is perceived at the time to be incompetent (see People v Medina, 44 NY2d 199, 207), the constitutional right to representation by competent counsel is self-standing, to be protected independent of misconduct on the part of the People. Determination of the merit of the defendant’s claim is made on review by an appellate court and depends on the character and circumstances of the particular representation, unrelated to whether the trial court erred in failing to perceive the incompetence or to remedy it if perceived. The application for judicial remedy in this case is not grounded on any claim of default or error on the part of the court or the prosecutor.
It becomes apparent that opportunity for judicial oversight is not the basis for granting relief when it is observed that relief is granted after a criminal proceeding has been commenced if there has been unacceptable incompetence *567 in the pretrial stages (see, e.g., People v Smith, 59 NY2d 156, supra) or prior to plea (see, e.g., Tollett v Henderson, 411 US 258, 266-268; McMann v Richardson, 397 US 759, 768-771, supra) notwithstanding that in such instances there has been no opportunity or occasion for either the court or the prosecutor to know at the time of such incompetence.[4] Thus, in my view the Appellate Division was in error in concluding that defendant was entitled to no relief because “the alleged incompetence occurred at a time where there was no opportunity or possibility of contemporaneous judicial intervention” (p 259).
Because I perceive no sound reason for holding that the right to effective assistance of counsel arises only with the commencement of judicial proceedings and, on the contrary, am of the opinion that to draw such a line of demarcation not only is irrational in view of the nature and substance of the constitutional right to be represented by counsel but operates to deny defendant his constitutional right, I would reverse the order of the Appellate Division and, accepting the determination of both courts below that the representation in this instance was indeed ineffective, remit the case to the Appellate Division to determine the appropriate remedy to be granted defendant in the circumstances.
Judges Jasen, Wachtler and Simons concur with Chief Judge Cooke; Judge Jones dissents and votes to reverse in a separate opinion in which Judge Meyer concurs.
Order affirmed.

. In the present case adjudication with respect to deprivation of defendant’s right to effective assistance of counsel must be made at a preliminary stage of the criminal action. It remains later to be determined whether defendant will be convicted and if so whether in consequence of a trial or a plea.

. The asserted ineffective assistance of counsel with respect to what later became the Albany County charges occurred during negotiations for disposition of charges for which defendant had been indicted in Schenectady County.

. The majority appears to have adopted this rationale in part (p 562).

. To suggest, as the Appellate Division appears to (85 AD2d, at p 257), that prior to the commencement of judicial proceedings the obligation of the authorities to refrain from questioning a suspect outside the presence of his attorney is discharged by the mere presence of an attorney, although accurate, is immaterial; that proposition again refers only to deprivation of a defendant’s constitutional rights by the police. The remedy for ineffective assistance of counsel at any stage of the proceedings, by sharp distinction, is predicated on the fact of ineffective assistance, not on the failure of the court or the People to have detected it.