■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NATHANIEL ABDULLAH, Respondent. — Appeal by the People from an order of the Supreme Court, Suffolk County (McInerney, J.), dated March 21, 1983, which granted the defendant's motion to set aside a jury verdict and ordered a new trial on the indictment. ¶ Order reversed, on the law and the facts, motion denied, jury verdict reinstated, and matter remitted to the Supreme Court, Suffolk County, for the imposition of sentence. ¶ After a jury trial, the defendant was convicted of two counts of criminal possession of a forged instrument in the second degree, one count of criminal possession of stolen property in the second degree, and one count of criminal possession of stolen property in the third degree. During the trial, the defendant was represented by two attorneys, one of whom effectively conducted the *Huntley* hearing and the trial in chief, cross-examining the People's witnesses and questioning the defendant, who was the sole defense witness at trial. The other attorney apparently participated only to the extent of delivering a summation, which was brief, unfocused and superficial, but was not detrimental. Prior to sentencing, the more active defense counsel moved to set aside the verdict as being against the weight of the credible evidence and also because, according to the defense, the People, on

their direct case, improperly introduced evidence of another crime committed by the defendant. The court determined that the verdict should be set aside, but for a reason not raised by the defendant, viz., that the defendant was denied effective assistance of counsel. The court focused on the quality of the summation. The parties were then given an opportunity for reargument. In the interim the defendant secured the services of a different attorney. Thereafter the People submitted a memorandum of law on this issue in reply to which the new defense counsel submitted an affirmation on the defendant's behalf. By order dated March 21, 1983, the verdict was set aside and a new trial ordered on the ground that defendant did not receive adequate legal representation. The People appeal from this order. ¶ The right of effective assistance of counsel is guaranteed by both the Federal and State Constitutions (US Const, 6th Amdt; NY Const, art I, § 6). "What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation (see *People v Droz*, 39 NY2d 457)" (*People v Baldi,* 54 NY2d 137, 146). ¶ Although an inflexible standard has not been articulated, two different standards for reviewing an attorney's effectiveness have evolved (see *People v Aiken,* 45 NY2d 394). As was noted in *People v Baldi (supra,* pp 146-147): ¶ "The traditional standard has been whether the attorney's shortcomings were such as to render the ' "trial a farce and a mockery of justice" ' ([*People v Aiken,* 45 NY2d 394], p 398, quoting *People v Brown,* 7 NY2d 359, 361, cert den 365 US 821; *People v Bennett,* 29 NY2d 462, 467; *People v Tomaselli,* 7 NY2d 350, 354). A newer, stricter standard, developed predominantly in the Federal courts (see, e.g., *United States v Fessel,* 531 F2d 1275; *United States v Elksnis,* 528 F2d 236; *United States v Toney,* 527 F2d 716, cert den 429 US 838; *United States v De Coster,* 487 F2d 1197), is whether the attorney exhibited 'reasonable competence' (45 NY2d, at pp 398-399). The *Aiken* court did not choose one standard over the other, concluding rather that the attorney's conduct was considered effective under either (*id.*) * * * ¶ "So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met (see *People v Jackson,* 52 NY2d 1027; *People v Aiken,* 45 NY2d 394, *supra; cf. People v Bell,* 48 NY2d 933; *People v Droz,* 39 NY2d 457, *supra)*". ¶ We find the defense attorneys' conduct effective under both standards. Viewed in totality, the evidence, law and circumstances of the instant case reveal that the defendant was provided with meaningful representation. At the *Huntley* hearing and trial, defense counsel vigorously and effectively cross-examined the People's witnesses, and then, at trial, questioned the defendant when he testified in his own defense. Defense counsel had evidently taken the time to review and prepare both the law and the facts relevant to the defense (*People v Sanin,* 84 AD2d 681, 683). Undeniably, the defense summation was brief, unpersuasive, and not sufficiently comprehensive, particularly in contrast to the People's powerful summation. Nevertheless, we find that, under the circumstances of this case, the effect of the relatively weak summation at the conclusion of an otherwise effectively conducted trial did not rise to the level of depriving the defendant of meaningful representation. Accordingly, we reverse the court's order setting aside the jury verdict, deny defendant's motion, reinstate the jury verdict and remit to the Supreme Court, Suffolk County, for the imposition of sentence. Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.