■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC DIGGINS, Appellant. [923 NYS2d 112]—

Order, Supreme Court, New York County (Arlene D. Goldberg, J.), entered October 22, 2009, which denied defendant's CPL 440.10 motion to vacate a judgment of the same court (Robert H. Straus, J.), rendered June 15, 2004, unanimously affirmed.

Defendant has not demonstrated that his attorney rendered ineffective assistance when the attorney generally declined to participate in defendant's trial in absentia. The motion court conducted an evidentiary hearing, and the record supports the court's detailed findings of fact and conclusions of law (25 Misc 3d 1218[A], 2009 NY Slip Op 52187[U] [2009]).

The record demonstrates that defendant's counsel, whose ability to conduct a defense was impaired by his client's absence, pursued a "protest strategy" (*People v Aiken*, 45 NY2d 394, 399 [1978]) or "strategy of silence" (*United States v Sanchez*, 790 F2d 245, 254 [2d Cir 1986], *cert denied* 479 US 989 [1986]). There is a presumption of prejudice where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing" (*United States v Cronic*, 466 US 648, 659 [1984]). However, that presumption is inapplicable to the facts of this case (*see Sanchez*, 790 F2d at 254).

When we apply both the state and federal effective assistance standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]), we conclude that counsel's strategic decisions were objectively reasonable. This conclusion applies to his nonparticipation in general, as well as to each of the individual instances of nonparticipation cited by defendant. Similarly, we conclude that defendant was not prejudiced by any aspect of counsel's nonparticipation. Defendant has not shown a reasonable probability that any of his attorney's alleged errors affected the outcome of the trial or undermined confidence in the result. There was overwhelming evidence of defendant's guilt, including the evidence that he possessed a loaded operable firearm with intent to use it unlawfully against another person. Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ. **[Prior Case History: 25 Misc 3d 1218(A), 2009 NY Slip Op 52187(U).]**