Order of disposition, Family Court, Bronx County (Allen G. Alpert, J., at fact-finding hearing; Sidney Gribetz, J., at disposition), entered on or about January 10, 2013, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of robbery in the third degree, grand larceny in the fourth degree and assault in the third degree, and placed him on enhanced supervised probation for a period of 15 months, unanimously affirmed, without costs. Appeal from fact-finding order, same court (Allen G. Alpert, J.), entered on or about November 28, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
While the better practice would have been to adjourn the matter for one day, especially where the Presentment Agency joined the request for an adjournment, based on this record the court did not violate appellant’s right to be present when it ordered a portion of the fact-finding hearing to continue in appellant’s absence. The record establishes that although appellant was aware of the time and date for his continued fact-finding hearing, at which a civilian witness was scheduled to testify, appellant chose to be elsewhere. Accordingly, this constituted a deliberate absence, resulting in a forfeiture of the right to be present (see People v Sanchez, 65 NY2d 436, 443-444 [1985]). We note that appellant did not appear in court until the next day, and offered no explanation for his absence (compare Matter of Joelin V., 107 AD3d 511 [1st Dept 2013]).
The record demonstrates that appellant’s counsel, whose ability to conduct a defense was impaired by her client’s absence, pursued a “protest strategy” (People v Aiken, 45 NY2d 394, 399 [1978]) or “strategy of silence” (United States v Sanchez, 790 F2d 245, 254 [2d Cir 1986], cert denied 479 US 989 [1986]). We conclude that counsel’s strategic decisions regarding nonparticipation during appellant’s absence were objectively reasonable, and did not cause appellant any prejudice (see People v Ben *426 evento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). We have considered and rejected appellant’s remaining claims of ineffective assistance.
Appellant did not preserve his challenge to the sufficiency of the evidence supporting the physical injury element of third-degree assault, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The victim sustained swelling to his eye that lasted for three to four days. In addition, his jaw, which he iced twice a day for four days, was swollen for a week and caused him difficulty in eating and talking. This provided ample evidence of physical injury (see generally People v Chiddick, 8 NY3d 445, 447 [2007]; People v Guidice, 83 NY2d 630, 636 [1994]). Concur — Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ.